### CHAMBERS v. SHOOK.

(Court of Civil Appeals of Texas. Ft. Worth. March 9, 1912.)

APPEAL AND ERROR (§ 907*)—REVIEW—PLEA IN ABATEMENT.

Where the trial court sustained defendant's plea in abatement generally and dismissed the plaintiff's action, the Court of Appeals, in the absence of a statement of facts, would presume that the evidence offered supported the judgment, and the same would be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

Error to District Court, Mitchell County; Jas. L. Shepherd, Judge.

Action by B. F. Chambers against W. R. Shook. From a judgment sustaining a plea to the jurisdiction, plaintiff brings error. Affirmed.

Crockett & Brewer, of Colorado, Tex., for plaintiff in error. L. W. Sandusky, of Colorado, Tex., for defendant in error.

SPEER, J. Dr. B. F. Chambers sued Dr. W. R. Shook for the breach of a partnership agreement, alleging damages in an amount exceeding $500. The defendant answered, by way of abatement, that the cause of action was exclusively cognizable before some county court, and that the plaintiff had alleged the amount in controversy to be more than $500, for the purpose of giving the district court jurisdiction. The trial court heard this plea and sustained it, reciting that evidence was introduced thereon. All of plaintiff in error's assignments call in question the correctness of this ruling.

From the arguments accompanying the assignments, we infer that counsel is of the opinion the court sustained the plea in abate-

ment because he thought the sum alleged as interest on the item of $500 sought to be recovered was interest, as such, and therefore not to be considered as a part of the sum in controversy. But we have no means of knowing that the trial court entertained any such views. His order expressly recites that "the plea of the defendant to the jurisdiction of the court came on to be heard, and, after hearing the evidence thereon and argument of counsel, the court is of opinion the same should be sustained," and proceeds to enter an order sustaining such plea and dismissing plaintiff in error's cause of action. There is no statement of facts. We are forced to presume that the evidence offered supported the judgment of the court, or, perhaps, more accurately stated, plaintiff in error has not shown that the trial court erred in sustaining the plea.

The judgment is therefore affirmed.