WILLIAM KENDRICK, Respondent, v. MARION HARRIS, Appellant.

Springfield Court of Appeals, May 5, 1913.

1. **EVIDENCE: Demurrer To: When Sustained.** Where there is no evidence adduced by the plaintiff to support the allegations of his petition, a demurrer to the evidence should be sustained.

2. **INSTRUCTIONS: Evidence Not Supporting: Erroneous.** An instruction is eroneous which submits to the jury a theory not supported by the evidence.

3. **INSTRUCTIONS: Objections to Because of Insufficiency of Evidence: Inferences.** Where an issue has been submitted to a jury on proper instructions and complaint is made that there is no evidence sufficient to warrant its submission to the jury, all the facts which the evidence tends to establish or which may be reasonably inferred therefrom are taken as admitted and will be considered in the most favorable light to the plaintiff.

4. **NEGLIGENCE: Injury to Animals: Evidence: Sufficiency of.** An action for injuries sustained by plaintiff's horse, occasioned by defendant chasing a bull on horseback, which caused the horse to become frightened and run against a barbed wire fence; evidence examined and reviewed and *held* sufficient to warrant the trial court in submitting the case to the jury.

Appeal from Carter County Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*J. L. Huett* and *E. P. Dorris* for respondent.

(1) The court did not err in refusing defendant's demurrer to the evidence at the close of the evidence offered by plaintiff. All the facts which the evidence in the support of the issue tends to establish, or which may reasonably be inferred therefrom, are taken as admitted on demurrer and considered in the most favorable light to the plaintiff and he is entitled to every reasonable inference to be drawn therefrom, and where

there is substantial evidence, however weak, upon which to base the verdict it will not be disturbed but should be affirmed by the appellate court. Davis v. Clark, 40 Mo. App. 515; Voegelis v. Marble & Granite Co., 56 Mo. App. 578; Torpey v. Railroad, 64 Mo. App. 382; Hueth v. Dohle, 76 Mo. App. 671; Hadley v. Orchard, 77 Mo. App. 141; Clark v. Shrimski, 77 Mo. App. 166; Steube v. Iron & Foundry Co., 85 Mo. App. 640; Tapley v. Herman, 95 Mo. App. 537; Knapp v. Hanley, 108 Mo. App. 353; Fields v. Railroad, 113 Mo. App. 642; Stevens v. Stevens, 132 Mo. App. 624; Kennedy v. Railroad, 70 Mo. 243; City of St. Louis v. Railroad, 114 Mo. 13; Baird v. Railroad, 146 Mo. 265; Charltons v. Railroad, 200 Mo. 413; Gordon v. Park, 202 Mo. 245; Von Trebra v. Gaslight Co., 209 Mo. 648; Kinley v. Railroad, 216 Mo. 145. (2) We respectfully submit that the evidence fully warranted the verdict for plaintiff, and in view of the long, continuous, uniform and approved rulings of our courts on this proposition, we cite a few cases on this well settled question. The creditability of witnesses and the weight to be given to evidence is for the determination of the trial court and jury, and that determination is conclusive on appeal. Gregory v. Chambers, 78 Mo. 294; Lalor v. McDonald's Admr., 44 Mo. App. 439; Polhans v. Railroad, 45 Mo. App. 153; Hurst v. Scammon, 63 Mo. App. 634; Seatelle v. Ins. Co., 92 Mo. App. 192; Golden v. Tyler, 180 Mo. 196; State v. Murphy, 46 Mo. 347; Gibson v. Railroad, 8 Mo. App. 488; Walker v. Owens, 25 Mo. App. 587; Herriman v. Railroad, 27 Mo. App. 435; Tower v. Pauley, 76 Mo. App. 387; Davis v. Millsap, 140 S. W. 751.

*S. L. Clark* and *G. H. Yount* for appellant.

(1) Appellant's demurrer to the evidence should have been sustained, for the reason that there was no

evidence adduced by plaintiff to support his contention that the injury to his horse was caused by appellant chasing a bull through his inclosure in a wild, careless, unnecessary, reckless and wilful manner as alleged in his complaint. Cogan v. Railroad, 101 Mo. App. 179; Miller v. Railroad, 134 S. W. (Mo. App.) 1045; Maynard v. Railroad, 137 S. W. (Mo. App.) 58; Dow v. Railroad, 116 Mo. App. 555. (2) Instruction numbered one, given on part of plaintiff was error for the reason that it submitted to the jury facts that were not in evidence. Sallee v. McMurray, 113 Mo. App. 253; Willis v. L. H. & Power Co., 111 Mo. App. 580; Chambers v. Railroad, 111 Mo. App. 609; Wallack v. Transit Co., 123 Mo. App. 160; Wagner v. Railroad, 118 Mo. App. 239; State ex rel. v. Dickman, 124 Mo. App. 653; Feddick v. St. Louis Car Co., 125 Mo. App, 24; Fisher v. Transit Co., 198 Mo. 562; Wellmeyer v. Transit Co., 198 Mo. 527. (3) Instruction numbered four offered by the defendant should have been given. Where the court refuses to eliminate from an instruction a theory of the case not supported by the evidence, its refusal constitutes reversible error. Houck v. Railroad, 116 Mo. App. 559.

STURGIS, J.—This case originated in a justice of the peace court of Carter county, Missouri. The statement of plaintiff's cause of action, as there filed, is as follows: ''Plaintiff for his cause of action states that on the 25th day of June, 1911, he was the owner of a bay horse which he had in a pasture on the premises of this plaintiff in Johnson township, Carter county, Missouri, and that on said day, the defendant Marion Harris was driving a roughish bull by said pasture where said horse was, and that said bull jumped into said pasture, and that the defendant with his hired hand entered said premises on horseback and chased said bull in a wild, careless, unnecessary and reckless and wilful manner and hallowed and run their

horses in a reckless and careless way, and thereby frightened and scared this plaintiff's said horse and thereby caused it to run into a barbed wire fence on said premises, and becoming entangled in said wire, thereby cutting large gashes across the breast and forelegs and damaging the said horse, to this plaintiff's damage in the sum of one hundred dollars. Wherefore, plaintiff prays judgment for the sum of one hundred dollars ($100), and costs of this suit.''

It seems that the plaintiff recovered judgment in the justice's court, but it is not shown for how much. The defendant appealed and on a trial anew in the circuit court plaintiff recovered judgment for fifty dollars. The defendant brings the case here by appeal and his principal assignment of error is that the evidence was not sufficient to make a case for the jury, and that the court erred in not directing a judgment for defendant.

After the evidence was in the court gave to the jury the following instruction on behalf of the plaintiff: ''The court instructs the jury that if you find and believe from all the facts and circumstances in evidence that the defendant recklessly and wilfully or unnecessarily drove or caused to be driven a bull through or over the enclosed premises of the plaintiff, and thereby caused the horse in question to become frightened and run into a barbed wire fence and thereby injured, then you should find the issues for the plaintiff and assess his damage at such sum as you may find he has sustained, if any, not exceeding, however, the sum of one hundred dollars.''

At the instance of the defendant, the court gave this instruction; ''The court instructs the jury that before plaintiff is entitled to recover in this case, it devolves upon him to establish by the evidence that the defendant entered upon the premises of the plaintiff and frightened the horse of plaintiff, which caused him to run into the barbed wire fence surrounding the

pasture in which said horse was grazing, thereby injuring said horse in the manner and to the extent described in the evidence, and unless he has so established such facts, your verdict should be for the defendant.''

The defendant complains that the instruction above quoted as given for plaintiff is not a correct declaration of law, but his argument and citation of authorities show that his objection to the same is that there is no evidence to support the instruction; in other words, the objection to the instruction simply goes to the question of whether the evidence is sufficient to warrant a recovery. Appellant also complains that the court refused to give an instruction, numbered four, which need not be set out here in full, but an examination of which shows that it was virtually a demurrer to the evidence and asks the court to instruct the jury that there was no evidence adduced by plaintiff to sustain his allegation that defendant chased the bull in question, thereby frightening said horse belonging to plaintiff and thereby caused him to run into the barbed wire fence which occasioned the injury to the horse as shown by the evidence. It is therefore evident that appellant's whole contention is that there is no evidence adduced by plaintiff sufficient to support his claim that the injury to his horse was caused by appellant chasing a bull through his enclosure in a careless and unnecessary manner and thereby caused his horse to run into and be injured by the barbed wire fence.

We readily agree that appellant's proposition of law that a demurrer to the evidence should be sustained where there is no evidence adduced by plaintiff to support the allegations of his petition, and that the authorities cited by him, Cogan v. Railroad, 101 Mo. App. 179, 73 S. W. 738, and other cases, support this contention. We also agree that an instruction is erroneous which submits to the jury a theory not supported by the evidence; as is shown by Houck v. Rail-

road, 116 Mo. App. 559, 92 S. W. 738; Sallee v. Mc-
Murray, 113 Mo. App. 253, 269, 88 S. W. 157, and
other cases cited by appellant. We cannot agree, how-
ever, with appellant that there is no evidence to sup-
port the allegations of the petition and the instructions
given by the court submitting the case to the jury. It
is a well-known rule of law that in a case at law where
an issue has been submitted to a jury on proper in-
struction and complaint is made that there is no evi-
dence sufficient to warrant its submission to the jury,
that all the facts which the evidence tends to establish
or which may be reasonably inferred therefrom are
taken as admitted and will be considered in the most
favorable light to the plaintiff. [Davis v. Clark, 40
Mo. App. 515; Torpey v. Railroad, 64 Mo. App. 382;
Gordon v. Park, 202 Mo. 236, 245, 100 S. W. 621; Von
Trebra v. Gaslight Co., 209 Mo. 648, 658, 108 S. W.
559; Kinlen v. Railroad, 216 Mo. 145, 115 S. W. 523.]

The evidence in the case shows that the defendant
and one Batham on horse back were driving a bull and
some other cattle along a public road running past
plaintiff's pasture where the plaintiff's horse in ques-
tion was kept. This was on Sunday morning. One
witness testified that he saw defendant and Batham
riding up through the field with the plaintiff's horse
following him, and that they said that he had run into
a wire. Another witness said that defendant brought
the horse to his house and got some medicine to put on
him and that defendant told him that he brought him
out of plaintiff's field and that the horse had been hurt
by running into a wire. The plaintiff testified that he
left the horse in the pasture that morning and was
away from home during the day. He said he examined
the fence when he came home and found the horse hurt
and found that the bull got into the field about one-
hundred and fifty yards from the upper end of the pas-
ture and that the tracks showed that two men on horses
went in at the gate and drove the bull out at the other

end of the field. He said that the tracks across the field showed that there were *three* horses and that the tracks in the ground made soft by a recent rain clearly showed that the horses were running. Two of the horses had traveled together and the other one had run along nearer the creek. Other witnesses testified that they heard persons hallooing at the cattle or horses down in the field. Another witness testified that she saw the defendant and Batham pass along the road driving this bull in the direction of plaintiff's horse and that, "they were running him pretty tight;" that the bull jumped the fence into another field about one-quarter of a mile from plaintiff's field and that they went in the direction of the plaintiff's field. It is not questioned but that the horse was badly cut by running into the barbed wire fence.

It is significant that the defendant, who must have known all about the transaction, did not testify or offer any evidence in rebuttal. The evidence and reasonable inferences to be drawn therefrom are sufficient to take the case to the jury. Finding no error in the record, the judgment will be and is affirmed.

All concur.