### EX PARTE CHARLES MUSSETT.

No. 2626.    Decided January 28, 1914.

**Case Followed.**

The rulings in Zuccaro, ex parte, ante, p. 197, are followed in this case, which involves the same question.

Original application to the Supreme Court, through writ of habeas corpus, for the discharge of the relator, Mussett, from custody under a commitment for contempt of court in violating an injunction.

*Wray & Mayer,* for relator, cited: Riggins v. Thompson, 96 Texas, 154; Holdman v. Cowden, 158 S. W., 351; Hicks v. Michael, 15 Cal., 107; Dunham v. Slidell, 62 So., 636; Gompers v. Bucks, 221 U. S., 418; High on Injunctions (4th ed.), sec. 20; 22 Cyc., 902; World's Colum. Exhib. v. United States, 56 Fed., 654; State v. Patterson, 37 S. W., 478; Lyric Theater v. State, 136 S. W., 174.

No briefs for respondent.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The relator in this proceeding was by the Honorable District Court of Tarrant County for the Sixty-seventh District adjudged in contempt of court for an alleged violation of the same injunction considered by us in the case of Ex parte Andrew Zuccaro, this day decided, in which it was determined that the injunction in question was temporary and provisional in its nature, and expired on February 3, 1912. The violation for which this relator was adjudged in contempt occurred subsequent to that date, and accordingly after the expiration of the injunction.

This proceeding is controlled by our decision in that case, and for the reasons stated in the opinion therein rendered the relator is entitled to his discharge.

*Relator discharged.*