BOYKIN v. PATTERSON.　(No. 9180.)*

(Court of Civil Appeals of Texas. Ft. Worth. May 3, 1919. Rehearing Denied June 14, 1919.)

1. INJUNCTION ⬅148(1)—BOND—STATUTE.

Provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 4654, making a bond a condition precedent to award of injunction, are mandatory.

2. EXECUTION ⬅172(4) — INJUNCTION — PLEADING.

A petition to enjoin execution on ground of fraud in violating agreement not to take personal judgment against petitioner as purchaser of property subject to vendor's lien notes, held deficient where not alleging a defense to suit if no agreement had been made.

3. PLEADING ⬅8(2)—CONCLUSION OF PLEADER—INJUNCTION.

A petition to enjoin execution on ground of fraud in violating agreement not to take personal judgment against petitioner as purchaser of property subject to vendor's lien notes, alleging that petitioner had been prevented by the fraud from "presenting his valid and meritorious defense which he had prior to and at the time of said suit," states a mere conclusion.

4. EXECUTION ⬅172(4)—ENJOINING SALE—PLEADING—DILIGENCE.

Where petition to enjoin execution on ground of fraud in violating agreement not to take personal judgment against purchaser of property subject to vendor's lien notes is not brought until three years after judgment, petition should exhibit due diligence.

5. INJUNCTION ⬅146—VERIFIED ANSWER—EFFECT—STATUTE.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4663, providing that no injunction shall be dissolved before final hearing because of denial of material allegations of plaintiff's petition, unless answer is verified, where answer denying allegations of petition for injunction is verified general equity practice of refusing the writ should ordinarily be followed.

6. EXECUTION ⬅172(6)—SALE—INJUNCTION—VERIFIED ANSWER—EFFECT.

Where verified answer to petition to enjoin execution on ground of fraud in violating agreement not to take personal judgment against purchaser of property subject to vendor's lien notes alleges that petitioner had notice of judgment before term expired, and had actual knowledge of judgment more than two years before suit, it was error to award temporary injunction on the pleadings.

Appeal from District Court, Tarrant County; Ben M. Terrill, Judge.

Petition for injunction by G. R. Patterson against Stanley Boykin. From a decree awarding temporary injunction, defendant appeals. Reversed.

Graves & Houtchens, of Ft. Worth, for appellant.

Durward McDonald, of Ft. Worth, for appellee.

CONNER, C. J. This appeal is from an order of the district judge of the Sixty-Seventh judicial district of Tarrant county granting a temporary writ of injunction to restrain an execution. In the petition for injunction it is alleged that "on the——day of——, 191—," the Traders' National Bank instituted a suit against the plaintiff, G. R.

Patterson, and against J. L. Bushong and J. W. Wright, wherein the plaintiff in that suit sought and obtained a judgment against the defendants therein including the plaintiffs in this suit, for the sum of $5,000, together with costs of the suit and interest thereon, said judgment being a joint and several one, and also foreclosing a vendor's lien which secured a payment of the note. It is alleged that the note referred to was executed by J. L. Bushong, payable to J. W. Wright, dated August 15, 1915, and later was assigned to the said Traders' National Bank. It was further averred that the Traders' National Bank in the suit by it "alleged that petitioner herein assumed the payment of said note when he purchased the land" upon which the bank sought to foreclose the lien. The petition for injunction further charges that the defendant in this suit, W. R. Edrington, acting for himself and for the said Traders' National Bank, approached the petitioner herein, and demanded the surrender of the title and possession of the land mentioned in satisfaction of the said $5,000 note, to which demand the petitioner herein agreed, but that before conveyance was executed Edrington insisted that, in order to clear title, a foreclosure suit would be necessary, but agreed "that no personal judgment should be taken against the petitioner here in said suit" other than a foreclosure of a lien on the land, and assured the petitioner that no advantage would be taken of him in said suit, requesting petitioner to file only a formal answer, and that in consideration therefor said land would be taken or purchased by said bank in full satisfaction of said note. It is alleged that these assurances were relied upon, but that notwithstanding such assurances, said bank thereafter, on September 15, 1915, sought and recovered a judgment against him for the sum of $7,852.53, and had the land sold on the first Tuesday in March following for the sum of $2,500, said bank being the purchaser thereof, and that after deducting the costs of the suit the balance then due was $3,439.33, together with interest.

It was further alleged that in the procurement of the said judgment and sale of the property the said Edrington knowingly and intentionally deceived the petitioner herein, and at the time of the making of each and every representation aforesaid they were made for the fraudulent purpose of overreaching, imposing upon, and deceiving the petitioner; that "had he not been thus deceived he could and would have taken care of and paid off said indebtedness at the time he was approached as aforesaid by the said Edrington; and that, even if he should not have been able to have paid off such indebtedness, he could and would have, had he not been deceived, been present at the sale of said land, and would have seen that

the same brought a fair consideration; that the sum for which said bank purchased said property, to wit, "$2,500, was wholly inadequate, and far below a fair and just price; that the reasonable market value of said land at the time it was thus sold under execution to said bank was at least $5,000, and that had plaintiff not been deceived and defrauded as aforesaid he would have been present at the sale of same and would have seen that it was sold for its fair market value."

It is further alleged that the petitioner herein was not present at the trial of said suit; he did not appear and make his motion for a new trial within the time required by law because he relied upon the assurances and representations of Edrington, and was "likewise prevented by such frauds from presenting his valid and meritorious defense which he had prior to and at the time of said suit"; that the petitioner herein did not know of such personal judgment until just a few months ago; that in furtherance of the fraudulent scheme of said bank "as aforesaid" said judgment was on March 6, 1919, transferred to the defendant Stanley Boykin, who represented said bank as an attorney in procuring said judgment.

The petitioner further alleged that defendant Stanley Boykin had caused execution to issue and to be levied upon certain property described in the petition, and further charged that his credit had been greatly injured, and he sought to recover actual damages therefor in the sum of $10,000, and exemplary damages in the sum of $15,000.

Upon presentation the judge set the matter down for hearing upon a day stated, and directed the issuance of notice to the defendants to appear and show cause, if any they had, why the writ of injunction as prayed for should not be granted.

The defendant Stanley Boykin appeared and answered, alleging that the defendant Edrington was out of the state, without notice of the proceeding and unable to answer. After certain demurrers that we need not notice, the answer specifically denied any agreement on Boykin's part not to take personal judgment against the defendant Patterson as alleged by him, or that the full amount of the said judgment would be bid for said property at the foreclosure sale. It is further charged that Edrington, a short time before the institution of this proceeding, when the matter was mooted, expressly denied any such agreement. The answer further declared that "shortly after said judgment was rendered, and before the expiration of the term of court at which it was rendered, the said Patterson was informed of the rendition of said judgment," and notified that within 30 days thereafter a writ of possession would issue against the property; that the judgment had immediately been recorded upon the records of Tarrant county,

Tex., and had been incorporated by various abstractors in abstracts of title to various pieces of property owned by the said Patterson; that "more than two years prior to the filing of this suit the said Patterson had actual knowledge that such personal judgment was on record against him, and the said Patterson took no steps whatever to have said judgment corrected." It was further alleged in the answer that the judgment against Patterson was based upon allegations in the petition in that suit that Patterson, in the deed executed to him by Bushong for the property involved, had assumed and agreed to pay the notes for which judgment was sought, and that evidence of such assumption had been duly introduced upon the trial, and the court's judgment is in accordance with the pleadings and evidence in the case. The answer was duly verified.

The court, however, without hearing any evidence, but upon the petition and answer alone, directed the issuance of a temporary writ of injunction as prayed for "upon the deposit with the clerk of this court by the plaintiff herein of $100 as a deposit on costs," from which order appeal herein has been duly prosecuted.

[1] It seems quite apparent to us that the appellee herein has not shown himself entitled to the relief that was awarded to him. In the first place our statute (3 Vernon's Sayles' Tex. Stats. art. 4654) expressly declares that "before the issuance of the writ of injunction the complainant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by such clerk, in such sum as may be affixed in the order of the judge granting the writ, conditioned that the complainant will abide the decision which may be made therein, and that he will pay all sums of money and costs that may be adjudged against him, if the injunction be dissolved in whole or in part," and no such bond has been filed so far as the record before us shows. The giving of such a bond is mandatory, as we understand the authorities, and its absence alone would require the reversal of the order appealed from in this case. Ricker, Lee & Co. v. Douglas Bros., 75 Tex. 180, 12 S. W. 975; Paine v. Carpenter, 51 Tex. Civ. App. 191, 11 S. W. 430; Chambers v. Shook, 145 S. W. 1039.

[2-4] Moreover, the plaintiff's petition on its face seems to be wholly deficient in material allegations. To illustrate, it is plainly apparent therefrom that the ground for relief presented is the alleged fraud of Edrington, and through him of the bank, in taking personal judgment against appellee in violation of their agreement not to do so, yet appellee presents no defense to the suit had no such promise been made. It appears from the petition, and more particularly from

the sworn answer of defendant Boykin, that the bank secured its personal judgment against the appellee herein on allegations that appellee had assumed the payment of the note declared upon, and no citation of authority is needed for the proposition that this assumption authorized a personal judgment in favor of the bank. It is true the petition herein alleges that appellee had been prevented by fraud from "presenting his valid and meritorious defense which he had prior to and at the time of said suit," but he wholly fails to set forth what such valid defense was, if any, he had. The allegation quoted amounted to no more than a mere conclusion, which cannot be given the force and effect of distinct specifications of the facts going to make up his defense. The record shows that the judgment was rendered in December, 1915, and appellant's petition for injunction was not filed until March 28, 1919 more than three years after the rendition of the judgment, nor in the interim does it appear that appellee took any other steps to correct the judgment. Under such circumstances, before its validity can be impeached, it was necessary not only that appellee should have presented a valid defense to the judgment, but should have also exhibited in his petition due diligence. See First National Bank v. Henwood, 183 S. W. 5, and authorities there cited.

[5-6] Article 4663, 3 Vernon's Sayles' Tex. Stats., provides "that the defendant to an injunction proceeding may answer as in other civil actions; but no injunction shall be dissolved before final hearing because of a denial of the material allegations of the plaintiff's petition, unless the answer denying the same is verified by the oath or affirmation of the defendant." From this it is to be implied, we think, that where the answer to a petition for injunction specifically denies material allegations of the plaintiff's petition and is duly verified by the defendant, the general equity practice of refusing the writ or dissolving one granted, as the case may be, should ordinarily be followed. Daniels v. Daniels, 127 S. W. 569, 22 Cyc. 987. Applying this rule—and nothing is presented in the plaintiff's petition which would authorize the application of a different rule—it seems plain that appellee comes too late with his application for relief by injunction. The verified answer herein distinctly alleges that appellee had notice of the judgment before the term expired, and more distinctly alleges that appellee had actual knowledge of the judgment more than two years before the filing of this petition. If so, appellee is very clearly barred of his right to set aside the judgment of which he complains, and it is to be noted particularly that appellee, Patterson, in his petition had no prayer to set aside the execution sale which followed the judgment, offering at the same time to

do equity by tendering to the bank or appellant the amount due upon the judgment in the bank's favor which was later assigned to appellant Boykin. Nor is there any allegation in the petition to the effect that at the execution sale under the bank's judgment the land was sold to an innocent purchaser so as to preclude appellee from the remedy last suggested.

On the whole, therefore, we conclude that enough has been said to indicate that the court erred in granting a temporary writ of injunction, and that his order so providing should be vacated and set aside, and it will be so ordered, with directions to the clerk of this court to certify our conclusion to the court below for observance.