**CITY OF JACKSONVILLE et al. v. DEVEREUX et al. (No. 3291.)**

(Court of Civil Appeals of Texas. Texarkana. July 1, 1926. Rehearing Denied July 3, 1926.)

1. Injunction ⊜➡150—Order to issue temporary restraining order and notice of hearing held interlocutory restraining order, issuable on judge's ex parte order.

Order directing clerk to issue temporary restraining order and notice that application for injunction would be heard on certain day was not an injunction pendente lite, but an interlocutory or provisional restraining order, which may be issued on judge's ex parte order.

2. Injunction ⊜➡144.

Temporary injunction pendente lite cannot be granted on petition not specifically praying for it, but referring only to "injunction" asked for on "final hearing."

3. Appeal and error ⊜➡781(4)—Appeal from preliminary restraining order should be dismissed after day for hearing on petition praying no temporary injunction pendente lite.

Preliminary restraining order having expired on day set for hearing and trial judge being without authority to grant temporary injunction pendente lite on petition not specifically praying for it, appeal from such order should be dismissed, even if order was improvidently granted.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Suit by Frank Devereux and others against the City of Jacksonville and others. From an order granting a temporary restraining order, defendants appeal. Appeal dismissed.

Spence, Smithdeal, Shook & Spence, of Dallas, and W. Emerson Stone, of Jacksonville, for appellants.

T. N. Jones and Lasseter & Simpson, all of Tyler, and John B. Guinn, of Jacksonville, for appellees.

LEVY, J. The appeal is from an order of the district judge, made at chambers, granting a temporary restraining order. The order was granted May 1, 1926, and the record was filed in this court on the 12th day of May, 1926. On motion duly made the appeal was advanced and submitted on June 10, 1926, under the terms of the statute.

[1] According to the terms of the judge's order the clerk of the court was directed to issue "a temporary restraining order" (in case the plaintiffs filed a bond in the sum stated) and to issue and have served notice upon the defendants "that the above mentioned matter" (meaning the plaintiffs' application for injunction), as well as, "the matter of vacation, modification or perpetuation of this injunction." would "be submitted" and "be heard" "on the first day of the next term of the district court," being May 17. Such order of the judge is to all intents and purposes an interlocutory or provisional order to the date of the hearing fixed, and it was not intended to operate as an injunction pendente lite, as a complete and final action on an application for a temporary injunction, subject only to the right of the defendants to a modification or dissolution. It could only be regarded as a restraining order effective until a hearing on the motion was had on May 17, 1926, after the defendants had notice. Otherwise there was no occasion for the hearing. Such class of interlocutory orders may be is-

sued on an ex parte order of the judge. Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14; Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; 32 C. J. § 10, pp. 27–29; 14 R. C. L. p. 306, § 3; 22 Cyc. p. 745; 1 High on Injunctions, § 3, p. 6.

[2, 3] On May 17, the day set for hearing, the order had spent its force, without an express order continuing it. And in this case the judge could not continue it as a temporary injunction, inasmuch as the prayer of the petition, properly construed, did not pray for temporary writ. All the clauses in the prayer have reference to the "injunction" asked for "on final hearing." It is conceded that a temporary injunction pendente lite can be granted only where the petition specifically prays for it. Boyd v. Dudgeon (Tex. Civ. App.) 192 S. W. 262; Hoskins v. Cauble (Tex. Civ. App.) 198 S. W. 629. Therefore, as the time the preliminary restraining order was to continue has elapsed, and as the trial judge is without authority to grant a temporary injunction pendente lite under the petition, the present appeal should be dismissed as presenting no question for review. As respecting this appeal it is immaterial that the preliminary order was improvidently granted, as before and by the time the appeal could be heard the order had expired without need of motion to dissolve.

Appeal dismissed.