**JACKSONVILLE INDEPENDENT SCHOOL DIST. et al. v. DEVEREUX et al. (No. 3292.)**

(Court of Civil Appeals of Texas. Texarkana. July 1, 1926. Rehearing Denied July 3, 1926.)

1. Injunction ⊙⟶150.

Temporary restraining order expired on day set for hearing.

2. Injunction ⊙⟶144.

Court cannot grant temporary injunction not prayed for.

3. Appeal and error ⊙⟶920(3)—Appeal from order to issue temporary restraining order will be dismissed after day set for hearing, in absence of record showing that temporary injunction not prayed for was granted.

In absence of record showing that temporary injunction not prayed for was granted, appellate court cannot presume that court did unauthorized act, and appeal from order to issue temporary restraining order, which had expired on day set for hearing, will be dismissed.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Suit by Frank Devereux and others against the Jacksonville Independent School District

and others. From an order granting a temporary injunction and directing the issuance of a temporary restraining order, defendants appeal. Appeal dismissed.

Spence, Smithdeal, Shook & Spence, of Dallas, and W. E. Stone, of Jacksonville, for appellants.

T. N. Jones and Lasseter & Simpson, all of Tyler, and John B. Guinn, of Jacksonville, for appellees.

HODGES, J. On March 26, 1926, Frank Devereux and a number of other residents and property owners of Jacksonville independent school district filed an application for an injunction restraining the board of trustees of that district from enforcing the collection of a school tax for the year 1925. The petitioners alleged that no tax levy had been made by the board of trustees for that year, and that a board of equalization illegally appointed had arbitrarily raised the assessed values of the property of the petitioners. The petition concluded with the following prayer for relief:

"The premises considered, plaintiffs pray for citation to each of the defendants, and that on final hearing an injunction be granted them restraining the collection of said taxes as to each and all of them, that the defendants be restrained from making any levy on the property of any one of them, from adding the penalties to the amount of taxes, and from in any way attempting to collect said illegal tax, and from instituting suits to enforce the collection of said taxes, and from in any way attempting to collect said illegal tax, that the assessment by the tax assessor and the board of equalization be set aside and canceled, and that the tax assessor and collector be perpetually enjoined from collecting said taxes, and for such other and further relief, in law and equity, as they may show themselves to be entitled."

This pleading was not sworn to at the time it was filed, but on May 1st following it was verified by an affidavit merely stating "that affiants and each of them are familiar with the allegations contained in the plaintiffs' original petition filed in the above entitled and numbered cause, and they and each of them here state and say that the facts and matters contained in said petition are true and correct." No other pleadings were filed in the case. Upon the presentation of the petition after its verification, the district judge granted the following order:

"Temporary injunction in the above and foregoing matter this day granted, and the defendants named in plaintiffs' original petition are restrained from filing tax suits against any of the plaintiffs named in said petition; provided plaintiffs file herein a bond in the sum of $500, conditioned as required by law. And upon the filing of said bond the clerk of said court is ordered to issue a temporary restraining order as aforesaid, and shall also notify the defendants named in said petition that the

above matter will be heard on the first day of the next term of district court in Cherokee county, Tex., when the matter of the vacation, modification, or perpetuation of this injunction will be submitted."

From that order this appeal has been prosecuted.

[1] This is a companion case to that of City of Jacksonville v. Devereux et al., 286 S. W. 572, this day decided by this court, and what is there said regarding the character of the order appealed from applies to the order appealed from in this case. The fiat of the judge was one which expired on the day set for the hearing.

[2] The prayer for relief did not ask for any injunctive process in advance of a final hearing of the case. The court had no authority to grant a temporary injunction when there was no prayer for that character of relief. Boyd v. Dudgeon (Tex. Civ. App.) 192 S. W. 262; Hoskins et al. v. Cauble (Tex. Civ. App.) 198 S. W. 629; Fort Worth Acid Works et al. v. City of Fort Worth et al. (Tex. Civ. App.) 248 S. W. 822.

[3] In the absence of any showing in the record that such an order was made we cannot presume that the court did an unauthorized act. The appeal will therefore be dismissed for the reasons stated in the companion case above referred to.