**OWEN et al. v. WILLIS.** (No. 3316.)

Court of Civil Appeals of Texas. Amarillo. Sept. 11, 1929.

Rehearing Denied Oct. 9, 1929.

Second Motion for Rehearing Denied Oct. 16, 1929.

Hamilton, Fitzgerald & Grundy, of Memphis, for appellants.

E. E. Diggs and Williams & Bell, all of Childress, for appellee.

HALL, C. J. The appellee, Willis, instituted this suit against Mrs. Jonnie Owen, her husband, Clyde E. Owen, her brother-in-law, Bill Owen, and the Southwestern Bell Telephone Company, to restrain the defendants from breaching a contract dated June 3, 1929, by the terms of which Clyde E. Owen sold his undertaking business in the city of Childress to plaintiff Willis and agreed not to enter in the undertaking business during the following ten years. The telephone company was made a defendant because the right to use a certain telephone number was an issue. A temporary restraining order was issued on July 9, 1929, and served upon all of the defendants except Clyde E. Owen, who, it seems, is residing in Oklahoma.

Mrs. Jonnie Owen and Bill Owen filed their

amended answer and motion to dissolve the temporary injunction. The matter was presented to the trial court on the pleadings alone, and resulted in a judgment overruling the motion to dissolve, except as to the right to use the telephone number and to withhold the list of customers as shown by the books of the business. Mrs. Owen, Bill Owen, and the plaintiff have appealed from this order.

The appellee in his petition for injunction alleges, in substance: That on June 3, 1929, Clyde Owen and wife, Mrs. Jonnie Owen, were engaged in the undertaking business in Childress, under the firm name of Clyde E. Owen Undertaking Company, and that their telephone number was 600. That on said date Clyde Owen, for value, sold and transferred said business to the plaintiff, together with all equipment, material, supplies, tools, fixtures of every character, and the good will of said business, and further agreed not to engage in such business in said county for a period of ten years and not to be employed, directly or indirectly, by any person so engaged during said period. That soon after such transfer Clyde Owen and his wife secured a building about one block from where the plaintiff had located his business, for the purpose of conducting an undertaking business in competition with plaintiff, equipping said building with the funds paid them by plaintiff. That they have advertised that it is conducted under the name of the defendant Bill Owen, who is Clyde Owen's brother, and that Mrs. Owen is to act as the lady assistant in said new establishment. That Clyde Owen and wife and children have moved into and are occupying said building. That the claim that said business is owned by Bill Owen is only a subterfuge, fraudulent, and untrue. That Clyde Owen and wife are the real and true owners of said business, and that Clyde Owen himself purchased the funeral coach used by said business, and the same was purchased with money received by him from plaintiff in payment for the business now being conducted by plaintiff. That the mortgage given to secure the purchase price of said funeral coach was executed by Mrs. Owen only as a subterfuge, and is an attempt to show that her husband, Clyde Owen, had nothing to do with it, and was so executed to evade liability for violation of the good will contract made with plaintiff. That Bill Owen had no property or means with which to engage in such business and knew, when he came to Childress to take charge of such business, that all of the acts of said parties were in pursuance of a plan or scheme to evade liability for violation of said good will contract.

The amended answer of the defendants Bill Owen and Mrs. Jonnie Owen specifically denies each of the allegations of said petition which tends to show any fraudulent conspiracy, scheme, or understanding to evade the terms of said contract, and denies that said Clyde E. Owen is in any way interested, concerned in, or connected with said funeral home opened and being conducted under the name of Bill Owen. It further denies that said funeral home is operated under the name of Bill Owen as a subterfuge or that Clyde Owen and wife are the real and true owners of the business. It is denied that the funeral coach was purchased by Clyde Owen, or that he is participating in the management or control of said business or has profited by or will profit in any way from it. It is further alleged: That Mrs. Owen was opposed to the sale of said business to plaintiff, and that, in order to satisfy her, Clyde Owen agreed to give her half of the proceeds of the sale as her own separate property, and that Clyde Owen, in consideration of her agreement to assume full responsibility for the support and maintenance of their minor children, agreed to pay all community debts from his own share of the proceeds of such sale. That Mrs. Owen accepted $4,500, being one-half of the sum received for said business, as her separate property, and that she and the said Clyde Owen are now separated and are not living together as husband and wife. That Mrs. Owen purchased the coach out of her separate estate. That Mrs. Owen originally intended to establish an undertaking business with Bill Owen as a partner, each to invest an equal amount of money. That Bill Owen was unable to pay his share of the capital into the business, whereupon Mrs. Owen agreed to convey the funeral coach and all other property purchased by her for said business to Bill Owen and to lend him sufficient money from her separate funds to operate such undertaking establishment. That, in payment for the coach and other equipment, Bill Owen executed and delivered to her his note in the sum of $3,600, dated June 16, 1929, and due twelve months after date. That said business is now owned and conducted by Bill Owen in the city of Childress, in premises leased by him and in his own name. That none of the property so used was either purchased or is now owned by Clyde Owen, but that Bill Owen is the sole and only owner of the same, he having purchased it from Mrs. Owen prior to the issuance of the writ of injunction.

The bill of sale executed by Clyde E. Owen to appellee contains this recital: "I do further bargain, sell and convey to the said Everett H. Willis, all of the good will pertaining to said business and further bind and obligate myself not to engage in said business in said City of Childress or in Childress County, for the term of ten years next ensuing after this date or in any kind of business or any matter relating to funeral directing, embalming, and undertaking whatsoever, either directly or indirectly, or be employed by any person, firm or corporation in said City or County, engaged in funeral directing, embalming and undertaking, within ten years next succeeding this date."

Bill. Owen was not a party to the contract under which Willis acquired the business, nor did Mrs. Jonnie Owen join her husband in said contract or in the transfer of the business.

The gist of the action, as shown by the petition for injunction, is that, through a fraudulent agreement and conspiracy entered into by the defendants, the business really belongs to Clyde Owen, but is being conducted in the name of Bill Owen, assisted by Mrs. Jonnie Owen. Unless these facts are true, clearly the appellee was not entitled to either a temporary or permanent injunction. These allegations are specifically denied by the answer filed by Bill Owen and Mrs. Jonnie Owen.

Rev. St. 1925, art. 4663, provides that the principles, practice, and procedure governing courts of equity shall govern proceedings in injunctions when the same are not in conflict with other provisions of the statute. Under the general rules of equity procedure relating to injunctions, where an answer denies the allegations of the petition and is verified, in so far as the allegations in the answer are responsive to the facts set up in the bill, they are to be taken as true, and, if a temporary injunction has been granted, it should ordinarily be dissolved. Boykin v. Patterson (Tex. Civ. App.) 214 S. W. 611; Harris v. Thomas (Tex. Civ. App.) 217 S. W. 1068; Houston Elec. Co. v. City of Houston (Tex. Civ. App.) 212 S. W. 198; Webb v. Downing (Tex. Civ. App.) 2 S.W.(2d) 474. While it has been held that this rule is not absolute and that the injunction will not always be dissolved, but that its dissolution depends upon circumstances and is in a measure discretionary with the trial court, this record discloses no circumstances which, in our opinion, authorized the court to refuse to dissolve the injunction. The rule is well established that a temporary injunction will be denied in a doubtful case where granting of it would cause greater detriment to defendant, should he ultimately prevail, than would be caused to complainant by its refusal, should he ultimately prevail. Collins v. Humble Oil & Refining Co. (Tex. Civ. App.) 223 S. W. 696, and authorities cited. If the defendant Bill Owen is restrained from conducting his business pending a final determination of the suit, the injury resulting to him would be manifestly greater than any damages sustained by Willis, for the reason that the record shows that Bill Owen is conducting his business in rented premises and has employed Mrs. Owen as an assistant and that these expenses will continue during the pendency of the suit. On the other hand, it is not shown that Clyde Owen and his wife are insolvent, and if, upon a final trial, Willis should prevail, he has his right of action for damages resulting to him by violation of the terms of the contract.

We have carefully read the answer, and do not agree with the contention of appellee that the court was justified in overruling the motion to dissolve because of admissions in the answer, and, since no evidence was introduced, we think the injunction should have been dissolved pending a final hearing. If Mrs. Owen was interested in the business with her husband, Willis could have bound her by the contract. This he failed to do.

It is held that the mere lending of money to a person engaged in a similar business does not amount to a breach of a covenant not to engage in such business, and, even if it were shown that Clyde Owen had advanced the funds for the purchase of the coach or that the money loaned Bill Owen actually belonged to him, still we incline to the opinion that the injunction should not have been granted. It does not appear that Clyde Owen was insolvent at the time he gave his wife one-half of the proceeds of the business. So far as the record shows, he had no creditors, and, even though the $9,000 received from Willis was community property, he could, under such circumstances, give all or any part of such sum to her as her separate estate, and the appellee cannot complain. Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120; Id. (Civ. App.) 243 S. W. 762.

Since Mrs. Owen was not a party to the contract between her husband and appellee, her employment by her brother-in-law is in no sense a violation of the contract unless the conduct of the business by Bill Owen and her employment as an assistant are shown to be a fraud and a subterfuge. No evidence was introduced sustaining the allegation of fraud, and the answer fully and completely denies that equitable ground of intervention. She therefore had the right to accept personal employment from her brother-in-law, and an injunction should not be granted in the absence of evidence sustaining the allegations in the bill. 13 C. J. 556; 30 C. J. 584; 32 C. J. 223; Houston T. & C. Co. v. Williams (Tex. Com. App.) 221 S. W. 1081.

In our opinion, the verification of the answer is sufficient. However, if it were defectively verified, the appellee has waived the defect by not calling the trial court's attention to it. 32 C. J. 422.

The temporary injunction is dissolved, the judgment of the lower court is reversed, and the cause is remanded.

### On Motion for Rehearing.

We have again carefully reviewed the record in this case, and the prayer and the motion for rehearing is refused.

We find that in the original application for the writ of injunction the plaintiff prayed "for an immediate and peremptory and mandatory writ of injunction against the defendants * * * restraining them and each of them from in any way and at all times prior to the 3rd day of June, A. D., 1929, engaging

in the business of funeral directing, embalming, etc."

The petition was presented to the district judge, who indorsed thereon his fiat as follows: "The foregoing petition for injunction being considered, it is ordered that the Clerk of the District Court of Childress County, Texas, issue a writ of injunction in all things as prayed for in the petition upon the petitioner executing to the adverse party a bond with two or more good and sufficient sureties in the sum of $1,000.00, conditioned as the law requires." This fiat is indorsed on July 8th, which is the date upon which the petition was filed with the clerk.

A motion to dissolve was filed and heard on July 18, 1929. No evidence was introduced at any time, and on July 18th the court, acting upon the application and the sworn answer, dissolved the injunction theretofore granted in so far as it required the defendants to deliver to Willis all records and books showing sales and accounts and lists of names of the former patrons of Clyde E. Owen and his wife, and the court also held that the motion to dissolve and the sworn answer were insufficient to authorize the dissolution of the injunction as it pertained to other matters.

■ The general rule is that a mandatory injunction should not be ordered before a final hearing and to execute the judgment. International & G. N. Ry. Co. v. Anderson County (Tex. Civ. App.) 150 S. W. 239, affirmed by the Supreme Court, 106 Tex. 60, 156 S. W. 499. Therefore the injunction granted, in so far as it is mandatory in its provisions, should not have been issued, because no answer had been filed and no evidence introduced.

■ The plaintiff prayed as quoted above, and further prayed that upon final hearing the judgment be made perpetual. The fiat of the judge grants the injunction in all things as prayed for in the petition. In this particular the injunction was void. The fiat, having been written upon presentation of the petition and before answer filed and without hearing any testimony, is only a restraining order. There was no prayer for a restraining order, and the court had no authority to grant it. Under the general equity practice, only such relief will be granted as is specifically prayed for. Judge Boyce said in Hoskins et al. v. Cauble (Tex. Civ. App.) 198 S. W. 629, it seems to be the general rule that an injunction will not be granted unless specifically prayed for, citing numerous authorities. In Ft. Worth Acid Works et al. v. City of Ft. Worth (Tex. Civ. App.) 248 S. W. 822, 824, Judge Buck said: "It will be noted that there is no special prayer for a temporary restraining order, and, under the authorities cited, the absence of a special prayer for temporary restraint would make the petition insufficient to sustain an order and judgment for a temporary injunction."

See, also, Miller v. Miller (Tex. Civ. App.) 294 S. W. 694; City of Jacksonville v. Devereux (Tex. Civ. App.) 286 S. W. 572; Jacksonville Independent School Dist. v. Devereux (Tex. Civ. App.) 286 S. W. 573; City Council of the City of Ft. Worth v. Ft. Worth Associated Master Plumbers & Heating Contractors (Tex. Civ. App.) 8 S.W.(2d) 730; Riggins v. Thompson, 96 Tex. 154, 71 S. W. 15.

■ A perpetual injunction can only be ordered upon final decree. Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; Ex parte Mussett, 106 Tex. 200, 163 S. W. 580; James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959; Ex parte Rains, 113 Tex. 428, 257 S. W. 217.

If the fiat of the district judge be considered as a restraining order only, it was granted without a specific prayer for such relief. If it be considered as a temporary injunction, it is void in so far as it is mandatory in its provisions, and should have been dissolved upon the coming in of the answer which swore away the equities of the bill when no testimony was heard tending to sustain the allegations in the bill. If it is to be construed as a perpetual injunction, which is prayed for, it is void because there has been no final hearing; so in either event we think the injunction has been improperly granted, and it is dissolved, and the judgment of the lower court is reversed, and the cause remanded for further proceedings.