## RAILROAD COMMISSION OF TEXAS et al. v. REAL.

### No. 8302.

Court of Civil Appeals of Texas. Austin.

Feb. 7, 1935.

Wm. McCraw, Atty. Gen., and T. F. Morrow, Archie D. Gray, and W. J. Holt, Asst. Attys. Gen., for appellants.

Bailey Shepperd, of Longview, and Felts & Wheeler, of Austin, for appellee.

McCLENDON, Chief Justice.

January 28, 1935, Real brought this suit to enjoin the members of the Railroad Commission and other officials from enforcing, as to 100,000 barrels of fuel oil, "a by-product of crude petroleum oil," situated in the East Texas oil field (Smith county), an order of the Commission promulgated December 5, 1934, under authority of section 1, chap. 45, p. 104, Acts 1934, Second Called Session, 43d Legislature (Vernon's Ann. Civ. St. art. 6049c, § 5), whereby tenders as a prerequisite to shipment of crude petroleum and the products thereof were required, and as prerequisites to such tenders certain inventories and other data were required to be furnished the Commission. The detailed provisions of the order are not material to the instant appeal. On the same date the trial judge in chambers issued what is styled a "temporary restraining order," without notice or hearing, "to expire and terminate on the 8th day of February, A. D. 1935, at 10 o'clock a. m.," restraining all defendants from enforcing the order as to the named products. Application for temporary injunction was set for hearing at the latter date, at which time defendants were ordered to show cause why the sought temporary injunction should not be granted. January 31, 1935, defendants sought to ap-

peal from this order by filing the record in this court; at the same time they filed a verified motion, which has not been controverted, seeking a temporary injunction restraining Real from moving the products pending hearing upon the appeal; and in the alternative prayed for a writ of prohibition, inhibiting the district judge from enforcing the order. A temporary restraining order was issued against Real, pending a hearing upon appellants' application for temporary injunction and writ of prohibition; and a temporary injunction was thereafter issued against Real, pending decision of the appeal and application for writ of prohibition on their merits, both of which proceedings were submitted by agreement of all the parties on February 2, 1935, at which time also a motion by Real to dismiss the appeal was submitted.

In view of the importance of a final adjudication of the matters involved by the Supreme Court as early as practicable, we will not enter into a detailed discussion of the legal principles involved, but merely state, as briefly as we may, the conclusions we have reached.

█ The motion to dismiss the appeal was predicated upon a correct general proposition of law, that a mere temporary restraining order of a trial judge pending hearing upon an application for temporary injunction is not appealable. The verified and uncontroverted showing of appellants in this case is to the effect that the ex parte order of the trial court, which was to continue in effect for eleven days after its date, was to destroy the entire subject-matter of the litigation, namely, the effectiveness of the Commission's order as applied to the products involved, in that in the meantime before the hearing date of the application for temporary injunction, the products would be removed beyond the jurisdiction of the court, and the entire case would thereby be rendered moot. Regardless of the power of the district judge to pass an ex parte restraining order (a subject briefly averted to below), appellants contended that the instant order, although in form only a temporary restraining order and limited in its application to a fixed time beyond which it ceases to operate, was in effect an injunction, either temporary or permanent; and that the order did not partake of the nature of a mere temporary restraining order, designed solely to preserve the status quo pending hearing upon the application for temporary injunction, but in its practical effect contained all of the elements of an injunction, both temporary and permanent, in that it ac-

tually destroyed the subject-matter of the litigation. In this conclusion we agree. Our statutes give the right of appeal from a temporary injunction, the clear purpose of which is to give immediate right of review when the temporary restraining powers of the trial judge are exercised or denied. True, generally speaking, the trial court has the power, in a proper case, to issue a restraining order pending hearing upon an application for a temporary injunction where such action is imperative to preserve the subject-matter of the litigation. And the proper exercise of this power is not reviewable. We have reached the conclusion, however, that where, either by reason of the inherent nature of the subject-matter or by reason of the length of time set for the operation of the restraining order, the effect is not to preserve but to destroy the subject-matter of the litigation, the restraining order, regardless of its form, is in effect an injunction, as to which the right of review by appeal is given.

In Alpha Petroleum Co. v. Railroad Commission, 59 S.W.(2d) 374 (error dismissed), this court (Associate Justice Baugh writing) very thoroughly discussed and adjudicated the question as to what is the subject-matter of a suit to enjoin the enforcement of a Commission order passed under our conservation laws. The subject-matter here, as there, is the enforcement of valid orders of the Commission relating to such conservation. The status quo here, as there, was that created by the Commission order. That status was not preserved, but destroyed, by the restraining order.

As stated in Welsh v. Carter (Tex. Civ. App.) 30 S.W.(2d) 354, 355: "An interlocutory or preliminary injunction is a provisional remedy granted before a hearing on the merits, and its sole object is to preserve the subject in controversy in its then existing condition, and without determining any question of right, merely to prevent a further perpetration of wrong or the doing of any act whereby the right in controversy may be materially injured or endangered, until a full and deliberate investigation of the case is afforded to the party. This is so whether the injunction is prohibitory or mandatory. * * * Ordinarily, where the issuance of a preliminary injunction would have the effect of granting all the relief that could be obtained by a final decree and would practically dispose of the whole case, it will not be granted." See, also, 32 C. J. p. 20 et seq.

█ Courts of Civil Appeals "have power, upon affidavit or otherwise as by the courts

may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction." R. S. art. 1822; Grand Leader v. Monnig, etc., Co. (Tex. Civ. App.) 259 S. W. 682, and authorities there collated. .

■ Section 10, art. 6049c, Vernon's Ann. Civ. St. (Acts 1931, 42d Leg., 1st Called Sess., p. 46, chap. 26), provides: "No injunction shall be granted against the Railroad Commission to restrain it from enforcing rules, regulations and orders made and promulgated by the Commission under the terms of this Act or of any conservation statutes of this State relating to oil or gas except after notice to the Commission and a hearing. Provided, however, that before any injunction or restraining order shall become effective the plaintiff shall be required by the court to execute a bond with good and sufficient sureties in an amount to be fixed by the court reasonably sufficient to indemnify all persons whom the court may find from the facts proven, will suffer damages by reason of the violation of the rule, regulation or order complained of, such persons to be named in the order of the judge when the amount of the bond is fixed by the court and entered of record; provided that the finding of the court that any party is likely to suffer damage shall not be admissible as evidence of damages in any suit on such bond."

The Commission order was not void on its face; and if we are correct in the above holding, the order appealed from was invalid because passed without notice. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.(2d) 364, 372.

Appellants contend that the word "injunction" in the first sentence of the quoted article applies to a temporary restraining order, citing Judge Gaines' opinion in Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, and the following quotation from Yellow Cab & Baggage Co. v. Amarillo (Tex. Civ. App.) 20 S.W. (2d) 855, 856: "Injunctions consist of either a 'restraining order,' made upon application as a part of a motion for a preliminary injunction, pending the hearing of the motion, or an order which operates, unless dissolved by an interlocutory order, until the final hearing, or a perpetual injunction, which can only be ordered upon final decree. Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; Ex parte Mussett, 106 Tex. 200, 163 S. W. 580; James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959."

This question would be important in passing upon the application for writ of prohibition; but under our holding, we find it unnecessary to consider it.

The factual allegations of the petition also become immaterial in view of our holding that under the above statute the trial court was denied power to pass the order without notice and hearing.

The order appealed from is reversed; the injunction styled "restraining order" of the trial court is dissolved; the motion to dismiss the appeal is overruled; the alternative application for writ of prohibition is refused; and the cause is remanded to the trial court.

Reversed and remanded.