## CROUCH v. CROUCH et al.

### No. 2508.

Court of Civil Appeals of Texas. Waco.
July 16, 1942.

Williford & Williford, of Fairfield, and Bryant & Williford, of Wortham, for appellant.

Geppert, Geppert & Victery, of Teague, for appellees.

HALE, Justice.

This is an appeal from a judgment of the district court continuing in force a temporary restraining order theretofore issued enjoining appellant from disposing of certain personal property. Appellant says the judgment should be reversed and the injunction dissolved because (1) the court did not have jurisdiction over the subject matter involved for the reason that "this is a suit appertaining to the estate of a deceased person, only a few months had elapsed since said death, and more than two debts were due and owing by the estate of such deceased person"; (2) the court erred in granting the original temporary restraining order in violation of Rules 680 and 683, Rules of Civil Procedure, respectively, in that (a) the same was not endorsed with the date and hour of issuance, (b) it did not define the injury and state why such injury was irreparable, or

(c) why such order was issued without notice, (d) no expiration date was given in said order, and (e) the same did not describe in reasonable detail without reference to the complaint the acts sought to be restrained; and (3) the court erred in continuing the restraining order in force for the reason that the equities, if any, in the sworn complaint were destroyed by a sworn denial and appellees introduced no evidence upon the hearing in support of the material allegations in their complaint.

Appellees, L. C. Crouch and his sisters, filed their petition on May 14, 1942, complaining of their step-mother, Mrs. Mattie V. Crouch, alleging, in substance, that their father, E. C. Crouch, died on December 13, 1941, leaving certain debts and an estate, real and personal; that in order to save the expense of administration, appellees and appellant, who were the sole surviving heirs of the deceased, entered into a written contract on December 30, 1941, by the terms of which appellees agreed to sell and convey to appellant their interest in certain personal property belonging to the estate of their deceased father for a consideration of $1,500 cash and the further consideration that appellant "is to assume and pay and she here now assumes and promises to pay all debts of the estate of E. C. Crouch, deceased"; that the written contract did not fully state the actual agreement in that it was agreed the appellant would also pay taxes of the estate and by mutual mistake the contract did not contain the words "all taxes" as well as all debts; that they had carried out their obligation under said contract, but appellant had failed and refused to pay taxes due against the real property amounting to $600, and to pay certain indebtedness due respectively to Vastine Bounds in the sum of $650, to Mrs. Roy Simmons in the sum of $175, and to Joe Drumwright in the sum of $150; that they feared appellant, unless restrained, would dispose of and encumber the personal property and they would thereby be defrauded. They prayed for the immediate issuance of a temporary restraining order prohibiting appellant from selling or disposing of the personal property, that the court set for hearing the question as to whether the temporary restraining order should be continued during the pendency of the suit, that upon final hearing they have judgment correcting said contract, for the amount of such taxes and debts, for a foreclosure of their implied lien on said property and that the amount realized from the sale thereof be paid into court and disbursed by the clerk in payment of said taxes and debts. The truth of their allegations was verified by the affidavit of L. C. Crouch.

Upon presentation of the complaint on May 13, 1942, the court entered an order without notice or hearing temporarily restraining appellant, until the further orders of the court, from selling or in any manner encumbering the property described in paragraph No. 6 of said petition, directing the clerk to issue such order upon appellees executing bond in the sum of $100, and setting a hearing for May 23rd as to whether such order should be continued in force during the pendency of the cause. The restraining order was not endorsed with the hour of its issuance, it did not define the injury that would otherwise result to appellees or state why such injury was irreparable or why such order was issued without notice. No date was fixed in the order at which time the same would expire and the property appellant was restrained from selling was not therein described in any manner except by reference to the petition of appellees.

On May 23rd appellant answered the complaint with pleas to the jurisdiction and in abatement, special exceptions, a general denial and affirmative allegations to the effect that no part of her agreement with appellees was omitted by mutual mistake or otherwise from the written contract; that the alleged debts to Vastine Bounds, Mrs. Roy Simmons and Joe Drumwright, respectively, did not constitute debts of said estate because the enforcement of each was barred by the statutes of limitation long prior to the death of the deceased. She set up an itemized statement of the various amounts she had paid out under the contract in the discharge of estate debts, such payments amounting to the total sum of $2,282.94. She further alleged that "there are only a few unpaid bills, all of which will be paid within a reasonable time and none of the holders of same are complaining about being unpaid; * * * that defendant has not mortgaged, sold or attempted to mortgage or sell any of the property complained of by plaintiffs in paragraph No. 6 of their complaint, but rather she has paid all liens that were outstanding against same at the time of the death of E. C. Crouch and said property is now clear

and free from liens; that defendant has complied with said contract; that plaintiffs will suffer no injury by refusal of a continuance of the temporary restraining order." She prayed that the temporary restraining order be dissolved. She duly subscribed and swore to her answer thus filed.

A hearing was had on May 28, 1942, at which time the court overruled the pleas of jurisdiction and abatement interposed by Mrs. Crouch and rendered judgment temporarily restraining her without further bond from disposing of or encumbering certain personal property during the pendency of the cause, to all of which she excepted, gave notice of appeal, and in due time perfected the same.

■ We cannot say from the record before us that there was any necessity for an administration on the estate of the deceased at the time when this suit was filed. Moreover, it appears that the suit involves controversies and issues between the parties which cannot be adequately disposed of within the probate jurisdiction of the County Court. Under such circumstances the District Court may properly acquire equity jurisdiction to grant appropriate relief. Griggs v. Brewster, 122 Tex. 588, 62 S.W. 2d 980; Stanley v. Henderson, Tex.Com. App., 162 S.W.2d 95. We therefore overrule appellant's contention to the effect that the trial court did not have jurisdiction over the subject matter of this suit.

■ While the granting, refusing or dissolving of a temporary restraining order or injunction is largely within the sound discretion of the trial court, a clear abuse of the exercise of such discretion is subject to review on appeal. The Supreme Court has now expressly provided in new rule 680 the conditions under which a temporary restraining order may be granted without notice to the adverse party, and the necessary requisites of such an order. It has also provided, in rule 683, the form and scope of every restraining order and of every order granting an injunction. In our opinion at least a substantial compliance with these provisions was intended and when a trial court grants a temporary restraining order or injunction which does not conform to the requirements of these rules, such action necessarily constitutes an abuse of discretion and hence an erroneous exercise of judicial power. Consequently, we must sustain appellant's contention that the trial court erred in granting the temporary restraining order in the manner and form in which the same was granted in this case.

■ L. C. Crouch was the only witness introduced on the hearing. He testified, in substance, that his father died on December 13, 1941, leaving some real and personal property; that he and his sisters wanted the Simmons and Drumwright debts paid regardless of the statutes of limitation. He did not testify to the value of the real estate his father owned or what amount of taxes, if any, were due and owing against the same, or that appellant was to pay the Bounds or Drumwright debt, although such inquiries were made of him on direct examination. He testified on cross examination that he did not know the amount of the Simmons or Drumwright debt or when they were due, but that the Bounds debt was incurred about twenty years ago; that his father owed more than two debts at the time of his death and there had been no administration on his estate; that when the contract was being drawn there was no discussion of any kind about the debts of the estate and nothing whatever was said concerning the same. In our opinion his testimony was wholly insufficient to sustain the material allegations in his complaint or to entitle appellees to any relief by injunction or otherwise.

■■ In order to warrant the issuance of a temporary injunction on the pleadings alone, it should clearly appear from the facts alleged that an injurious wrong, irreparable in its nature, is imminently threatened. Spears v. City of South Houston, Tex.Com.App., 150 S.W.2d 74. Conceding without deciding that the verified complaint in this case was sufficient to authorize the issuance of a proper temporary restraining order without notice, we think it is clear that appellant's sworn answer destroyed the equities arising from the bill of complaint. Since there was no denial by pleadings or otherwise of some of the specific and controlling allegations contained in said answer, and since there was no evidence on the hearing in support of some of the essential allegations in said complaint, we have concluded that the trial court should have dissolved the temporary restraining order and he should not have continued the same in force during the pendency of this cause. 24 T. J., p. 181, sec. 135; Houston Electric Co. v. City

of Houston, Tex.Civ.App., 212 S.W. 198, error dismissed; Boykin v. Patterson, Tex. Civ.App., 214 S.W. 611; Owen v. Willis, Tex.Civ.App., 20 S.W.2d 338, error dismissed.

Therefore, the judgment appealed from is reversed and judgment is here rendered dissolving and annulling both the temporary restraining order and injunction granted on May 13th and May 28th, respectively.