WILLIAM MULLER ET AL. v. THE CITY OF DENISON ET AL.

No. 20.

1. **Municipal Taxation—Limit.**—A city of more than 10,000 inhabitants, acting under the general law of incorporation for cities and towns, is authorized by law to levy taxes for as much in the aggregate for one year as 2½ per cent of the taxable property of the city.

2. **Same—Authority to Tax.**—When a municipal corporation is charged by law with a duty, it has, within the constitutional and charter limits, authority to raise by taxation the money necessary to the discharge of the duty, unless such authority is expressly prohibited.

3. **Same—Act of March 23, 1887, not a Repeal.**—The Act of March 23, 1887, relating to taxation by cities and towns, was enacted with reference to the constitutional amendment of 1883, and did not operate as a repeal of article 426 of the Revised Statutes on the same general subject.

APPEAL from Grayson. Tried below before Hon. H. O. HEAD.

*T. W. Stratton, Decker & Harris*, and *A. G. Moseley*, for appellants.

1. The general law of incorporation for cities and towns does not, over and above the levy authorized for current expenses and permanent im-

provements, authorize the levy of a tax for the purpose of providing and maintaining protection against fire, nor a tax for the purpose of discharging a floating indebtedness. Sayles' Civ. Stats., arts. 425, 425c; Lufkin v. Galveston, 63 Texas, 439; Cave v. Houston, 65 Texas, 619; 2 Dill. on Mun. Corp., sec. 610; Corpus Christi v. Woessner, 58 Texas, 462.

2. A city operating under the general law of incorporation, having issued bonds in the year 1888 to build and equip public school houses in said city, which bonds are outstanding, and having levied a tax of 9 cents for the purpose of creating a sinking fund and paying the interest on said bonds, is not authorized to levy and collect a tax of one-fourth of 1 per cent for the purpose of improving the streets, etc.

3. Cities of over 10,000 inhabitants have no greater or more enlarged powers under the general law of incorporation than cities of less than 10,000 and over 1000 inhabitants, and in order to procure enlarged or distinctive powers such cities must have their charters granted or amended by special law. Const., art. 12, sec. 5.

*D. O. Hause* and *Brown & Bliss*, for appellees.—1. The city of Denison being a city of over 10,000 population, was authorized by article 426 to levy and collect a tax not exceeding $2\frac{1}{2}$ per cent on the taxable value of the property of said city. Rev. Stats., art. 426; Voorhies v. Mayor, 70 Texas, 331.

2. Where the law empowers or requires a city to perform certain acts which require the expenditure of money, such city is thereby empowered to raise the money so required by taxation, within the limits prescribed by law. Dill. on Mun. Corp., secs. 741, 849; State v. Milwaukee, 25 Wis., 133–140; United States v. New Orleans, 98 U. S., 381.

TARLTON, CHIEF JUSTICE.—This suit was brought by the appellants against the appellees, in the District Court of Grayson County, to enjoin the collection of certain taxes assessed and levied by the appellees.

The injunction was temporarily granted, but on final hearing it was dissolved. Hence this appeal.

Denison was a city with a population of more than 10,000 inhabitants. It was organized under the general law, having accepted the benefits of title 17 of the Revised Statutes. The taxes sought to be enjoined were covered by an ordinance authorizing the collection of taxes for the year 1888, as follows:

Section 1. One-fourth of 1 per cent for current expenses.

Section 2. One-fifth of 1 per cent for interest and sinking fund on bonded indebtedness.

Section 3. Three-eighths of 1 per cent for maintaining schools.

Section 4. One-half of 1 per cent for protection against fire.

Section 5. One-fourth of 1 per cent for improving streets, etc.

Section 6. One twenty-fifth of 1 per cent for sinking fund for school bonds issued April 2, 1888.

Section 7. One-twentieth of 1 per cent for interest on school bonds issued April 2, 1888.

Section 8. One-fourth of 1 per cent for paying outstanding floating indebtedness.

Section 9. Provides for poll tax.

Appellants claim that the taxes included under sections 4 and 8, above set out, were levied wholly without authority, and those referred to in section 5 partly without authority. They allege as to the latter, that for the purpose of improving streets and of constructing permanent improvements, including school houses, the city was limited to an ad valorem tax of 25 cents on the $100, and, admitting the legality of the tax referred to in sections 6 and 7, they contend, as the evidence showed them to have been levied for the purpose of building school houses, that, to the extent of this tax (9 cents on the $100), the levy referred to in section 5 was excessive. Appellants also claim that the tax referred to in section 8 was illegal, because the "outstanding floating indebtedness" therein referred to had been incurred for current expenses, and should be included in the item "current expenses;" and that for current expenses the power of the city is limited to a levy of 25 cents on the $100, already exhausted in section 1. They further contend, that the taxes referred to in section 4 were illegal, because the city was without authority to levy taxes for protection against fire. As to the remainder of the sections, they admit the legality of the levy.

It will be noted that the aggregate tax levied by the ordinance in question does not amount to $2\frac{1}{2}$ per cent on the $100. Hence, the appellees claim, that as Denison was a city of more than 10,000 inhabitants, it was authorized to levy all the taxes included in the ordinance, and this by virtue of article 426 of the Revised Statutes, which is as follows: "Cities having more than 10,000 inhabitants may levy, assess, and collect such taxes as may be authorized by law, but no tax for any purpose shall ever be levied for any one year which shall exceed $2\frac{1}{2}$ per cent of the taxable property of such city."

The question presented then is this: Was the city of Denison authorized, under the article named, and as found by the lower court, to levy a tax of 25 cents on the $100 to pay outstanding floating indebtedness, incurred for current expenses, though it had already assessed the same amount for current expenses; and further, was it authorized to levy the tax of 50 cents on the $100 for protection against fire; and further, was it authorized to levy a tax of 25 cents on the $100 for improving streets, though it had levied a tax of 9 cents on the $100 for the building of school houses—the entire levy not amounting to as much as $2\frac{1}{2}$ per cent of the taxable property of said city?

The scheme of municipal taxation, as devised by the framers of our Constitution, proceeds upon different planes, according as it refers to cities and towns with a population of less than 10,000, and to cities with a population of more than 10,000 inhabitants. This is evident from the organic provisions on this subject, and from the legislation had thereunder. Thus, section 4, article 11, of the Constitution, provides: "Cities and towns having a population of 10,000 inhabitants or less   *   *   * may levy, assess, and collect an annual tax to defray the current expenses of their local government, but such tax shall never exceed, for any one year, one-fourth of 1 per cent."

On the other hand, section 5 of the same article is to the following effect: "Cities having more than 10,000 inhabitants may levy, assess, and collect such taxes as may be authorized by law, but no tax for any purpose shall ever be lawful for any one year which shall exceed 2½ per cent of the taxable property of such city."   *   *   *

So, in evident conformity to these provisions, articles 425 and 426 respectively of the Revised Statutes were adopted. They fix a similar limit. The graver burdens and the more important functions of cities of the latter class demanded the difference in the extent of the powers conferred.

It is insisted by appellants, however, that cities with a population of more than 10,000 inhabitants were powerless to act under the provisions referred to until such time as they should be "authorized by law." Appellants interpret the expression "authorized by law" to mean that the Legislature must have specifically provided the extent and method of taxation before warrant therefor would exist.

Cities are charged by the statutes with the duty of protecting their inhabitants from contagious diseases; of providing for their debts and expenses; of providing water for the "extinguishment of fire and the convenience of their inhabitants;" and of controlling and repairing their streets and highways. To meet such purposes constitutes, mainly, the reason for municipal existence. These duties can not be discharged without money, and to raise money taxation must be resorted to. "When such a corporation is created, the power of taxation (within the constitutional and charter limit) is vested in it as an essential attribute for all the purposes of its existence, unless its exercise is by express terms prohibited." United States v. New Orleans, 98 U. S., 381.

We therefore conclude, that as the taxes complained of were levied for the purpose of enabling the city of Denison to discharge the statutory duties which it owed to its inhabitants, and as it did not exceed the limit fixed by the Constitution and the law thereunder, the levy was "authorized by law," and should be upheld within the limit named, and the article in question should be construed to vest the authority to levy the taxes, provided it was called for in the discharge of a duty elsewhere imposed

by the law upon the city. The application of the tax fund, when collected, to the different purposes of corporate existence is left to the discretion of its authorities, in the absence of special statutory direction.

Thus, not having exceeded the limit of 2½ per cent, the city council was empowered to levy a tax of one-half of 1 per cent for protection against fire, of one-fourth of 1 per cent for improving its streets, and of one-fourth of 1 per cent for paying its outstanding floating indebtedness. Since the institution of this proceeding the article in question has been amended by the Act of 1889, limiting the power of taxation of the cities of the character named to one-half of 1 per cent of the taxable property of the city. This statute, however, being subsequent, can not influence the disposition of the question here presented

The levy of 25 cents on the $100 for improving streets is not affected, as contended for by appellants, by the levy for school house purposes, admittedly valid and provided for in sections 6 and 7 of the ordinance. These sections were enacted under the act of the Legislature of March 23, 1887. With reference to this act, we deem it sufficient to say that in our opinion it did not operate as a repeal of article 426. It was enacted with reference to the constitutional amendment of 1883, amending section 9, article 8, of the State Constitution. This section in no way impairs the effect of section 5, article 11, above referred to, and of article 426, Revised Statutes, here construed. Lufkin v. Galveston, 63 Texas, 438.

It is therefore ordered that the judgment be affirmed.

*Affirmed.*

Delivered November 1, 1892.

Justice HEAD did not sit in this case.