WILLIAMSON, Mayor, et al. v. CAYO et al. (No. 5963.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 14, 1917.)

1. APPEAL AND ERROR ⟷954(1)—INJUNCTION ⟷143(1) — NOTICE OF APPLICATION — DISCRETION.

Under the statute, the matter of notice to defendants of plaintiff's application for injunction is left within the discretion of the trial judge, and the Court of Appeals is not authorized to reverse his injunction order on the ground that notice was not given.

2. MUNICIPAL CORPORATIONS ⟷957(3)—EXTENT OF TAXATION—DEALING WITH FUNDS —CONSTITUTION.

If Const. art. 11, § 5, constitutes a city's grant of power to levy taxes, it can levy them to the extent of 2½ per cent. of the taxable property of the city, and deal with its funds as provided by its charter.

3. MUNICIPAL CORPORATIONS ⟷957(3)—EXTENT OF TAXATION—CONSTITUTION.

The provisions of Const. art. 8, § 9, relating to levy of city taxes for any one year is not applicable to cities of 5,000 inhabitants operating under special charter.

Appeal from District Court, Bee County; F. G. Chambliss, Judge.

Suit by E. P. Cayo and others against C. E. Williamson, Mayor, and others. From judgment for plaintiffs, defendants appeal. Judgment reversed, and cause remanded.

Stroud & Gayle and Beasley & Beasley, all of Beeville, for appellants. Dougherty & Dougherty and G. C. Robinson, all of Beeville, for appellees.

MOURSUND, J. E. P. Cayo, C. M. Brown, and A. F. Castel, tax-paying citizens of the city of Beeville, filed suit against the city and its officials seeking to perpetually restrain them from further proceeding with the construction of a certain power house and machinery and boiler foundation to cost about $3,000; the city "having in view the erection, at a later date, of an electric light plant." Plaintiffs alleged that no contract for the erection of such improvements had ever been entered into by the city through its city commission, so far as plaintiffs are advised, but at a special meeting of the city commission held July 14, 1917, defendant Williamson, mayor, was authorized to make arrangements for the construction of said building to serve for the purpose of an electric light building, and said Williamson was authorized to enter into any contract for the construction of said building as he might deem advisable; that said Williamson, mayor, has entered into a contract with some one, to these plaintiffs unknown, to construct such building and foundations, and while said Williamson was not, by the terms of the resolution passed, authorized to contract for machinery and boiler foundation for said power house that nevertheless plaintiffs are advised and charge the fact to be, that he has entered into a contract therefor, and that the defendants will ratify or expect to ratify the same; that if said Williamson has not entered into a contract for the construction of such power house and foundations, that under his supervision and direction, and at the cost and expense and for the account of the city of Beeville said improvements are being constructed; that there are no funds belonging to the public improvement fund of the city, and that said fund is in fact overdrawn to the extent of about $350; that the defendants have entered into a contract, express or implied, with some one to erect said building and foundations, and agreed to pay him a certain sum therefor, either when the work is completed or from time to time as the work may be done and, whichever be true, that plaintiffs say that such arrangement constitutes a debt against the city of Beeville and that no provision has been made, or was made to satisfy said debt, by creating a sinking fund or levying a tax to satisfy said obligation at the time it was incurred; that said improvements are permanent in their nature and are not such as may be paid for out of the current expense fund, or any other fund, save the public improvement fund, and warrants will be issued in payment of such obligation, or money belonging to the sewer fund, or to the street fund, or to the general fund will be appropriated for the purpose of paying such obligation; that if the building is not being constructed under a contract, as stated, then it is being constructed through day labor, and that if this course is pursued, it is necessarily evasive, and with the effort to impose an obligation upon the city of Beeville by way of debt, when no provision for the same has been made, and to divert funds appropriated for other purposes, to wit, sewer, street, and general current expense purposes to public improvements, thus

supplementing and increasing the public improvement fund beyond the limit warranted by law; that if defendants are not endeavoring to create a debt by the issuance of warrants for the construction 'of said' building and foundations, they will, by transfer from other funds, which are in their hands as a trust for the carrying out of the express purposes for which they were levied, collected, and appropriated, to wit, the general expense, sewer, and street funds, endeavor to supplement said public improvement fund and pay for the erection of said building and foundations; that the real purpose of defendants is to erect an electric light plant for the city of Beeville, and said city is without adequate money or debt creating ability to fully construct the same, and that an essential part of such electric light plant is a power house and foundations upon which to place the machinery; that defendants have already begun the construction of said power house and foundations, and have entered into contracts with a view to the erection of said electric light plant, and intend to supplement the amount that they may lawfully appropriate or expend with funds appropriated to other trust purposes, as before stated.

Plaintiffs' prayer was for an injunction restraining defendants from carrying the contracts for the construction of the power house and foundations into effect, and from incurring obligations for material or labor in the construction thereof, and from issuing any warrants in payment of any obligation incurred thereby, and from building with any funds, except unappropriated public improvement funds, said power house and foundations, and from diverting and appropriating any other fund than the unappropriated public improvement fund to the construction of said power house and foundations. They also prayed for the cancellation of any obligation that may have been issued in payment of any work done on said house or foundation, or to secure money therefor. They prayed for a temporary injunction, and such prayer was granted on July 16, 1917. On July 20, 1917, the judge, on his own motion, entered an order modifying the injunction, which reads as follows:

"The defendants are hereby permitted and authorized to expend any sums that they may have on hand, in cash, and not otherwise appropriated, and actually belonging to what is known as the sewer fund and not derived from taxation, in the construction of said power house and foundation, or for material or labor therefor, and they are also authorized to expend any additional sums belonging to said sewer fund not derived from taxation, in the construction of such improvements, that they may collect during the current year, and to issue any obligation payable during the current year against the said sewer fund or to be collected during the current year that will not constitute a debt under the Constitution and laws of the state."

[1] Appellants contend that under the circumstances of this case it was error upon the part of the court to grant the injunction without giving appellee an opportunity to be heard. Under the statute the matter of notice is left within the discretion of the judge, and we would not be authorized to reverse the order on the ground that notice was not given. Houk v. Robinson, 160 S. W. 120. The injunction, after the modifying order was made, did not prohibit the appellants from constructing the improvements, but limits expenditures to money in the sewer fund, or which may be paid into the same during the current year.

[2, 3] Appellees contend that no expenditures for public improvements could legally be made out of money raised by ad valorem tax for either of the purposes, other than public improvements, designated in section 9, article 8 of the Constitution, and that the order of the judge as it stands after being modified should be upheld as to money so raised, although it might be proper to modify the same as to money paid into the funds not raised by ad valorem tax. They cite in support of their position the case of Carroll v. Williams, 182 S. W. 29, and the notation made by the Supreme Court in granting a writ of error in said case. Their contention is based upon the theory that the funds, the use of which are sought to be enjoined, were collected under the authority of section 9, article 8 of the Constitution. We find no allegation in the petition concerning the incorporation of the city which shows that its taxes would be governed by that provision of the Constitution. For aught that appears in the petition, section 5 of article 11 of the Constitution may constitute its grant of power, in which event it could levy taxes to the extent of 2½ per cent. of the taxable property of the city, and deal with its funds as provided by its charter. That the provisions of section 9, article 8, are not applicable to cities of 5,000 inhabitants, operating under special charter, is well sustained by the authorities. Lufkin v. City of Galveston, 63 Tex. 437; Muller v. City of Denison, 1 Tex. Civ. App. 293, 21 S. W. 392. In order for appellees to be granted an injunction, they should, by their petition, show themselves to be clearly entitled thereto. The only allegation with respect to incorporation of the city is that it was incorporated under the commission form of government.

The petition does not show appellees to be entitled to an injunction restraining the use of money in other funds than the public improvements fund. The judgment is therefore reversed, and the cause remanded.