**MILLER v. MILLER.** (No. 3393.)

Court of Civil Appeals of Texas. Texarkana.
April 28, 1927.

1. **Divorce** ⬤➾87—Ex parte restraining order, indorsed "in Chambers" and operative during divorce suit or until further order, held proper "temporary injunction" (Rev. St. 1925, art. 4654).

Order indorsed "in Chambers," made without notice, enjoining divorced husband from molesting and threatening applicant and children, operative during pendency of the suit or until further order, *held* to be a preliminary injunction, although it did not expressly so state or fix time for hearing, and not erroneously entered without notice, in view of Rev. St. 1925, art. 4654, authorizing judge to require service of notice of application.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Temporary Injunction.]

2. **Divorce** ⬤➾87—Injunction against molesting and injuring former wife and children in home is not void as restraining merely criminal acts.

Application for injunction to restrain divorced husband from coming to home and there threatening, molesting, and injuring former wife and children, is not void as enjoining merely criminal acts; the rights of use and enjoyment of the home being private and valuable.

3. **Injunction** ⬤➾143(1)—Preliminary injunction, granted without notice, on application not specifically praying therefor, is void.

Preliminary injunction, granted without notice, on application which, though praying for an injunction and for general relief, does not pray for temporary injunction, is void.

4. **Divorce** ⬤➾87—Notice to defendant is essential to validity of injunction, added to divorce decree for protection of children.

Proper notice to defendant in divorce case is required, to make legal an injunction added to the divorce decree for the welfare of children involved, restraining molestation and injury of plaintiff and children.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by Rita Miller against Addis Miller. From an order granting an injunction, the defendant appeals. Judgment reversed and vacated without prejudice to further proceedings.

In January, 1925, the appellee was granted a divorce from her husband, the appellant, and the decree awarded to appellee the custody of three minor children of the marriage. Thereafter, on April 7, 1926, the appellee filed an application for injunction; the prayer being in terms as follows:

"Wherefore plaintiff prays that this honorable court grant her prayer for injunction and issue an injunction restraining the defendant, Addis Miller, from molesting, threatening, or in anywise injuring this plaintiff or plaintiff's mother or plaintiff's said children, and from at all times coming to the home of the plaintiff and of the plaintiff's said mother and children, from cursing, threatening, or in anywise abusing plaintiff; that the said defendant be permitted to see his said children only upon order of the court and under such restrictions and circumstances as this court may order; and for general and special relief."

It was alleged, as ground for relief by injunction:

That "since the divorce was granted, the defendant, Addis Miller, without any right whatever so to do, and in flagrant violation of the rights of this plaintiff, has made it his policy to come to the home of this plaintiff and of this plaintiff's father and mother at any and all hours of the day and night and to abuse and to threaten plaintiff and plaintiff's father and mother with serious bodily injury. That on Thursday night of April 1, 1926, the said defendant came to the home of the plaintiff, where she and her father and mother and her children were residing, and abused and cursed her, and that, when her father opened the door to make his presence known, the defendant attacked her father, a decrepit old man of 68 years of age, without any provocation, and knocked him across the room, and, as her father arose, the defendant drew a pistol, which he habitually carried, and shot her father through the heart, killing him instantly. That plaintiff fears and believes the defendant may do serious bodily injury to her, her children, and her mother. That plaintiff has no adequate or complete remedy at law," etc.

The application was at once presented to the judge of the district court, who, without notice to defendant, indorsed on the application the following:

"In Chambers. On this April 7, 1926, the above application for injunction coming on to be heard and being duly considered, it is hereby ordered, adjudged, and decreed that said injunction be granted in all things as prayed for, upon plaintiff filing a bond herein the sum of $50.00."

On the same day, April 7, 1926, the clerk of the court issued and delivered to the sheriff a writ of injunction in terms of the prayer of the application and to be effective "during the pendency of this suit or until the further orders of this court." The sheriff's return shows service on the appellant "on the 9th day of April, A. D. 1926, by delivering to the within named Addis Miller in person a true copy of this writ." Thereafter, on April 23, 1926, the appellant prosecuted an appeal to the Court of Civil Appeals. The above are all the proceedings as shown in the record.

Gordon O. McGehee, of Houston, for appellant.

Bryan, Dyess, Colgin & Suhr, of Houston, for appellee.

---

LEVY, J. (after stating the facts as above). [1] Appellant submits the proposition, first, that—

"The rendering of a final judgment of permanent injunction against appellant upon an ex parte hearing of an application therefor, without notice or process served upon him is void, as without due process of law."

Although "the order sounds in terms of a final judgment," yet it is evident that the order was intended and should be held to award merely a preliminary injunction or temporary restraining order. It was indorsed "in Chambers," and the writ, according to its recitals, was to operate and be in force "during the pendency of this suit or until the further orders of this court." A hearing upon the merits is yet open to appellant, as the interlocutory injunction, being merely provisional in its nature, does not conclude such right. Being purely a preliminary injunction in legal force and effect, and not a final decree for a perpetual injunction, it was not error upon the part of the judge to grant the order without notice to appellant. Article 4654, R. S.; Houk v. Robinson (Tex. Civ. App.) 160 S. W. 120; Williamson v. Cayo (Tex. Civ. App.) 198 S. W. 643.

[2] The appellant next insists that the order was void because (1) "the defendant is enjoined from the commission of a criminal act"; and (2) "it is founded on a petition subject to general demurrer." The petition does not seek relief against injuries which already have been committed, nor to restrain the probable doing only of "serious bodily injury to her, her children, and her mother." The acts are set up to show a well-grounded apprehension of special injury to the appellant, in violation of her private rights. The petition by intendment founds the right to relief against the repeated and unauthorized acts of the defendant in "coming to the home of this plaintiff at any and all hours of the night and day" and there continually acting in an offensive and threatening manner. Such unlawful behavior and conduct of defendant in respect to applicant's private home is connected with violations of her private and valuable rights. The enjoyment of lawful peace and private use of her home is thereby infringed upon, broken, and disturbed. The deprivation of these privileges, with the reasonable probability of indefinite continuation if no injunction is granted, is the sum of the complaint.

[3] There is involved in the second ground the point that the petition does not pray for a temporary injunction. It has been repeatedly held that the judge has no authority to grant a temporary injunction, such as the present one is, when there was no prayer for that character of relief. Boyd v. Dudgeon (Tex. Civ. App.) 192 S. W. 262; Hoskins v. Cauble (Tex. Civ. App.) 198 S. W. 629; Fort Worth Acid Works v. City of Fort Worth (Tex. Civ. App.) 248 S. W. 822. Accordingly, the judgment is reversed and judgment is here entered vacating the order, without prejudice in future proceedings on amended petition. The cost of the appeal is taxed against the appellee.

[4] We have noted the appellee's suggestion that "the court was authorized and had jurisdiction to add an injunction to the divorce decree, for the welfare and protection of the children involved." Even so, and assuming for the moment that the application was sufficient for the purpose, "proper notice thereof to the defendant" was first required to make the order legal, as expressly announced in the case cited.