**CITY COUNCIL OF CITY OF FORT WORTH et al. v. FORT WORTH ASSOCIATED MASTER PLUMBERS & HEATING CONTRACTORS, Inc.** (No. 11992.)

Court of Civil Appeals of Texas. Fort Worth. May 5, 1928.

Rehearing Denied June 9, 1928.

**1. Appeal and error ⟶553(1)—Assignments of error were considered notwithstanding absence of bills of exceptions, in view of condition of record and recitals in judgment (Rev. St. 1925, art. 2210).**

Under Rev. St. 1925, art. 2210, assignments of error directed to overruling motion to quash service and plea in abatement and certain special exceptions and special demurrers will be reviewed notwithstanding absence of bills of exceptions, in view of condition of record, and recitals in judgment that court overruled motion to quash service and plea in abatement and demurrers and exceptions contained in answer, and after full consideration found that plaintiffs were entitled to relief prayed for.

**2. Injunction ⟶130—In suit for mandatory injunction, refusal to give defendants statutory time in which to appear and answer held error (Rev. St. 1925, art. 2092).**

In suit for mandatory injunction, wherein petition was filed on October 26 and on same date cause set down for hearing November 5 and defendants ordered to be notified to appear on said date, *held* that, under Rev. St. 1925, art. 2092, court erred in refusing to sustain defendant's motion to quash notice and grant prayer that defendants be given statutory time after citation is served and returned in which to appear and make their defense, or in not postponing hearing until legal notice might be given, it being apparent from face of petition and peremptory notice that only relief which could be granted on such hearing five days after notice would amount to a final judgment on the merits.

**3. Injunction ⟶106—Suit for mandatory injunction against city council is civil suit controlled by rules applicable to other civil suits.**

An action to obtain a mandatory injunction against a city council is a civil suit and is controlled and limited by rules of procedure applicable to other civil suits.

**4. Injunction ⟶144—Preliminary injunction will not be granted in absence of special prayer therefor.**

A temporary or preliminary injunction will not be granted unless there is a special prayer for such injunction.

**5. Injunction ⟶133—Temporary mandatory injunction finally disposing of entire subject-matter will not be granted.**

A temporary mandatory injunction that finally disposes of the entire subject-matter of suit will not be granted.

**6. Injunction ⟶132—Function of preliminary injunction is to preserve status quo.**

The function of a preliminary injunction, whether prohibitory or mandatory, is to preserve status quo, and it must never be employed to do something that can only be done after full hearing by final decree.

**7. Injunction ⟶133—Preliminary mandatory injunction will not be granted unless clear right and case of necessity or extreme hardship is presented.**

A preliminary mandatory injunction will never be granted unless a clear right is shown and case of necessity or extreme hardship is presented, and will not be granted pendente lite unless applicant's right is so clear that denial of right must be held either captious or unconscionable.

**8. Injunction ⟶122—Verification of petition in suit for mandatory injunction excluding from affidavit allegations made on information and belief held insufficient.**

In action for mandatory injunction against city council to compel it to try charges against

certain master plumbers whose licenses are sought to be revoked, where only ground for recommending revocation of licenses was that they had been transferred in violation of city ordinance, *held* that verification of plaintiff's petition which excluded from affidavit allegations made on information and belief was bad and insufficient to sustain the petition.

### On Motion for Rehearing.

**9. Injunction ⊜⟹118(1)—Petition for injunction must state all essential elements entitling petitioner to relief and negative inferences that petitioner might not be entitled to relief.**

A petition for injunction must state all material and essential elements entitling petitioner to relief and negative every reasonable inference arising upon the facts so stated that petitioner might not under other supposable facts be entitled to relief.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit for mandatory injunction by the Fort Worth Associated Master Plumbers & Heating Contractors, Inc., and others against the City Council of the City of Fort Worth and others. From a judgment granting injunction, defendants appeal. Reversed and remanded.

R. E. Rouer and F. G. Coates, both of Fort Worth, for appellants.

Templeton & Templeton, of Fort Worth, for appellee.

BUCK, J. The Fort Worth Associated Master Plumbers & Heating Contractors, Incorporated, and John R. Denning, T. H. Youngblood, and Joe Lahey, as plaintiffs, filed suit against the members of the city council of the city of Fort Worth on October 26, 1926, for a mandatory injunction. For cause of action, the plaintiffs pleaded that theretofore, on September 25, 1925, the city of Fort Worth caused to be published in pamphlet form a series of ordinances regulating the business of plumbing and gas fitting in said city and prescribing how such work should be carried on and prescribing the qualifications and requirements made of persons who should be permitted to prosecute such work in said city. Among the provisions of the ordinances regulating the conduct of the plumbing business in said city and which were and are in force in said city at the time the acts and omissions to act complained of, and at the time of the filing of the suit, ordinance 957 is referred to in the petition, in which ordinance a "master plumber" or employing plumber is defined as one who is expert in the knowledge of the strength, durability, and quality of the material and devices for perfect work in tanks, pipes, traps, fittings and fixtures, making taps and connections in such manner as will prevent the escaping of noxious

vapors, gases, odors, etc., for the conveyance of gas, water, and sewerage, but one who does not hold himself out as intending to actually do the work of such installations, but proposes to make and carry out contracts for and to properly and carefully supervise the work of all such installations. A "journeyman" plumber means one whose principal work is manual; one skilled and experienced in the actual physical labor of installing tanks, pipes, traps, fittings and fixtures, making taps, and connections in such manner as will prevent the escaping if noxious vapors, gases, odors, etc.

It was further alleged: That in said ordinance there was created and established a board to be known as "the Examining and Supervising Board of Plumbers of the City of Fort Worth, Texas." That said board shall consist of five members, to wit, a member of the local board of health, or, in the absence of such board, the city physician, the city engineer, the city inspector of plumbing, a master plumber of not less than ten years' active and continuous experience as a plumber, and one journeyman plumber of not less than five years of such active and continuous experience. That among the duties of said board was the duty to submit to the board of commissioners of the city of Fort Worth, as the governing body was then called, its written suggestions and recommendations for the improvements of the plumbing ordinance of the city of Fort Worth. That said board was to issue a certificate of qualification, upon examination duly passed, as a master plumber or a journeyman plumber, which certificate or license authorized the pursuit of the business of a master plumber, or the pursuit of the occupation of a journeyman plumber, in the city of Fort Worth for a period of one year, and that there shall be a renewal on application by the holder at any time within 30 days prior to the expiration of said year, which renewal may be by indorsement of that fact on the original certificate, signed by the chairman and secretary of the examining board. Said certificates are personal only to the holder and are not in any manner transferable, and all such certificates are revocable for sufficient cause shown, on charges filed by the examining board, or by any member thereof, or by any person feeling himself aggrieved. Upon the filing of such written charges under oath, notice of hearing shall issue, and be had in the same manner as provided for in the removal of the members of the examining board, provided, however, that the hearing in the case of the certificate holder shall be before the examining board, and its finding shall be certified to the board of commissioners of the city of Fort Worth, together with recommendations, which, if adopted, shall be final.

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A further provision is made in the ordinance for master plumbers to carry an indemnity bond in the sum of $5,000 for the use and benefit of the city of Fort Worth, conditioned for the faithful performance of the duties of a master plumber. It is further provided in said ordinance that:

"Any license issued to any master plumber hereunder may be revoked by the board of commissioners of the city of Fort Worth, at any time, upon charges filed against said licensee by the board of commissioners, on its own motion, or by any member thereof, or by any person showing himself to be interested, provided, however, that charges under oath shall be prepared and filed, against the licensee, with the city secretary, who shall present the same to the board of commissioners of the city of Fort Worth, whereupon said board shall fix the time and place for the hearing of said charges, and the licensee shall be furnished with a copy thereof and given an opportunity for a full hearing thereon.

"If, on hearing, the board of commissioners of the city of Fort Worth shall be of the opinion that said license shall be revoked, they shall so order, and thereupon a proper adjustment shall be made with the said licensee as to the bond and the license fee paid to the city of Fort Worth, as hereinbefore provided."

It was further alleged: That on July 8, 1927, the Master Plumbers' Association of Fort Worth, acting under the provisions of the ordinance heretofore mentioned, filed under oath two charges, one against R. J. Cunningham and another against John S. Fogarty, charging them respectively with repeated violations of said ordinances. That on July 19, 1927, said charges were duly presented to said city council for its action thereon, and on the same day said city council referred the charges to the examining board of plumbers for trial, to be held July 27, 1927. That said charges thus referred to were heard and considered by said examining board, and they made their report of their findings and recommendations thereon to the city council as follows:

"In accordance with your instructions issued at your regular meeting July 18, 1927, the examining and supervising board of plumbers of the city of Fort Worth, Texas, has held a hearing of the charges brought by John R. Denning against R. J. Cunningham and John S. Fogarty alleging that said R. J. Cunningham and John S. Fogarty have violated the city plumbing ordinance.

"The examining and supervising board of plumbers, after hearing the evidence and giving due consideration to same, on vote the majority of the members of the board find the said R. J. Cunningham and John S. Fogarty guilty of transferring their license in violation of section 8, Ordinance No. 958.

"Therefore, we, the examining and supervising board of plumbers, respectfully recommend that the license of the said R. J. Cunningham and John S. Fogarty be revoked and canceled. Respectfully, Examining and Supervising Board of Plumbers, by [Signed] D. L. Lewis, Chairman."

That said report having been thus filed with said city council, same was on the 27th day of September, 1927, by its order of that date, referred to the city's legal department, presumably for its legal advice thereon. Thereafter said report having been reported back to said council by its legal department, it disposed of said report by its order of that date by ordering the charges to be received and filed. By said latter order, it is alleged that said council intended and meant to pigeonhole and postpone indefinitely any and all further consideration of said report without any further action thereon, and said city council then and there declined and refused to further consider said report and declined and refused to hear evidence in support of said charges against R. J. Cunningham and John S. Fogarty, or to pass on or determine same in any way. That such action so taken by said city council is final in so far as said council is concerned. Plaintiffs further alleged that they had reason to believe and do believe and charge the facts to be that said Cunningham and Fogarty are each respectively guilty of the charges so made against them and that they are still violating the ordinances of said city in the manner stated in said complaints; that they formed a partnership under the name of "Consumers' Supply Company," and said company is still continuing to carry on its business as a master plumber without obtaining any license so to do and in open and flagrant disregard of said ordinances and of the statutes of the state; that said city council, by its refusal to take action against said Cunningham and Fogarty and against said Consumers' Supply Company to enforce the provisions of said city ordinances, have permitted, and are permitting, said parties to pursue in said city the occupation of master plumbers in violation of said statutes. As a result of such nonaction by said city council and of such violation of said ordinances and of the statutes by Cunningham and Fogarty and the Consumers' Supply Company, the plaintiffs and those of their craft whose interests they are representing are being materially and vitally injured in their business, and their revenues derived from the pursuit of their occupation are being materially diminished and depleted. Said Consumers' Supply Company, which is a partnership composed of several individual partners, has heretofore been, and is yet, carrying on in the city of Fort Worth the business of a retail merchant of plumbers' supplies, and, also, in connection therewith, the business and trade of a master plumber, doing work as such in said city without obtaining a license so to do and in violation of the ordinances of said city. The business of said company as a master plumber has been heretofore carried on and is yet being carried

on by said company ostensibly in the names of said Cunningham and Fogarty, but in reality for its own use and benefit, and upon contracts made and entered into by said company with its customers, and which contracts are performed by it for its own use and benefit. Said company being thus freed from the provisions and obligations of said ordinances and from the duties imposed by the statute on all other persons engaged in carrying on and prosecuting their trade as master and juorneyman plumbers in said city to comply with said ordinances and statute, and being permitted by said city council to carry on its business as a master plumber in connection with its business as a retail merchant of plumbers' supplies, without complying with the provisions of said ordinances and said statute, has been enabled and permitted to come into active competition with all duly authorized and licensed master plumbers plying their trade as such in the city of Fort Worth, and in so doing said Consumers' Supply Company, by working unskilled and unlicensed journeymen plumbers and common laborers, has been and is enabled to carry on its business as a master plumber at less that that necessarily incurred by other authorized and licensed plumbers carrying on their trade in said city. That by the means and in the manner aforesaid, and by other artifices, said Consumers' Supply Company has been enabled to and it has drawn to itself a large and ever increasing part of the plumbing business of said city which it is doing at much lower prices than can be made and charged by authorized and licensed plumbers of said city, whose business has been greatly affected and diminished by such unlicensed master plumbers and journeymen plumbers, who were and are authorized to ply their trade in said city.

Premises considered, plaintiffs prayed that said city council and members thereof be notified to appear and show cause, if any they have, why they should not be required by mandatory injunction to hear and determine said complaints and to render their findings thereon and to comply with and enforce said ordinances and the provisions of said statutes, and for such other and further relief as the law and the facts may warrant.

On October 26, 1927, the petition was presented to Judge Bruce Young of the Forty-Eighth district court of Tarrant county, and a hearing was set for Saturday, at 9 a. m., November 5, 1927. Accompanying the petition were exhibits A and B, which consisted of the charges filed against Cunningham and Fogarty, respectively, before the city council. On November 5, 1927, the defendants filed a motion to quash the notice issued by the district clerk, inasmuch as under the law in the absence of a prayer for a temporary injunction, and in the absence of reasons given in the application showing the necessity therefor, the defendants were not required to appear and answer said petition on November 5, 1927, "or in any other way or manner except that provided by the statute of the state of Texas relating to citation and appearance of defendants in civil cases."

Defendants also pleaded as an abatement that theretofore a suit had been filed in the Ninety-Sixth district court and had been transferred to the Seventeenth district court of Tarrant county, containing practically the same allegations and petitions, and that Judge Roy, judge of the Seventeenth district court, had charged and decreed that plaintiffs take nothing by their suit, and that the relief prayed for by them in all things be denied, and specially held that ordinance 957 was in contravention of the statutes of the state of Texas, in so far as it required examinations for master plumbers in order to secure license. But since no evidence is shown in the record with reference to this suit, we will not further consider the allegations and propositions based thereon.

Defendants then, "without waiving their plea in abatement and motion to quash service of notice and the many irregularities and imperfections in plaintiffs' motion," answered by way of a number of special exceptions, a general demurrer, etc.

Upon a hearing on November 5, 1927, the court, on December 6th thereafter, granted the writ, and ordered the defendants to "fix and name a time and place when and where they will proceed as such city council to hear and determine on the merits thereof the matters and facts complained of in the several complaints against John S. Fogarty and R. J. Cunningham, filed with said council." The defendants have appealed.

### Opinion.

[1] Appellees object to the consideration of certain of appellants' assignments, on the ground that there are no bills of exception to the action of the court, of which complaint is made. Article 2210, Revised Statutes of 1925, provides:

"It shall be sufficient for the party excepting to the conclusions of law or judgment of the court to cause it to be noted on the record in the judgment entry that he excepts thereto; and he may thereupon take his appeal or writ of error without a statement of facts or further exceptions in the transcript; but the transcript shall in such cases contain the special verdict or conclusions of fact and law aforesaid, and the judgment rendered thereon."

In the instant case, the judgment recites that the court overruled the motion to quash the service and the plea in abatement, after having heard evidence thereon, and further recites that the defendants presented to the court, subject to their said motion to quash and their plea in abatement, and without

waiving same, their demurrers and exceptions contained in the answer, and the court overruled such pleas and exceptions and demurrers urged, and after full consideration found that the plaintiffs were entitled to the relief prayed for.

There was no testimony introduced in the record, and the statement of facts consists of copies of ordinance No. 957, copies of the complaints, filed with the city council by the plaintiffs, against R. J. Cunningham and John S. Fogarty, and the report of the supervising board of plumbers thereon to the city council, and a copy of the minutes of the city council containing records of the reference by the city council to the legal department of the complaints filed before that body, etc. The assignments are directed to the action of the court in overruling the pleas urged, and certain special exceptions and special demurrers. The judgment recites that defendants excepted in open court and gave notice of appeal. We think that such condition of the record entitles this court to consider the assignments, in the absence of bills of exception. Voight v. Mackle, 71 Tex. 78, 8 S. W. 623; Walsh v. Methodist Episcopal Church (Tex. Civ. App.) 173 S. W. 241.

[2-7] The plaintiffs in their petition did not ask for a temporary writ of injunction, and there appears no reason why the same should have been granted. They only asked for a permanent injunction. The petition was filed on October 26, 1927, and on the same date the court set the cause down for hearing, Saturday, November 5, 1927, and the defendants were ordered to be notified to appear on said date before the court to show cause, if any they had, why the mandatory injunction should not be granted as presented in said petition. The November term of the Forty-Eighth district court convenes the first Monday in November, which, in 1927, fell on the 7th. Article 2092 provides the rules of practice and procedure in civil district courts in counties having two or more district courts with civil jurisdiction only, whose terms continue for three months or longer, such as the Forty-Eighth district court. Citations issued for personal service in the county in which the suit is pending shall command the officer to summon the defendant to appear and answer the plaintiff's petition at or before 10 o'clock a. m. of the Monday next following the expiration of the 25 days from the date of citation and shall be executed and returned by the officer 20 days after the date of issuance. Therefore the trial court erred in overruling and in refusing to sustain appellants' motion to quash notice and in refusing to grant appellants' prayer contained in said motion that such appellants "be given the statutory time after citation is duly issued, served, and returned in which to appear, answer, and make their defense in this cause," or at least in not postponing the hear-

ing until legal notice might be given, since it is apparent from the face of appellees' petition, and the nature of the allegations and prayer therein, and from said peremptory notice, that the only relief which could be granted on such hearing five days after such notice was the entire amount to a final judgment on the merits. Fort Worth Acid Works v. City of Fort Worth (Tex. Civ. App.) 248 S. W. 822; City of Fort Worth v. Fort Worth Acid Works, 259 S. W. 919, by the Commission of Appeals, approved by the Supreme Court. An action to obtain a mandatory injunction against a city council is a civil suit and is controlled and limited by the rules of procedure and statutes applicable to other civil suits. Montague Co. v. White (Tex. Civ. App.) 250 S. W. 736. A temporary or preliminary injunction will not be granted unless there is a special prayer for such injunction. Miller v. Miller (Tex. Civ. App.) 294 S. W. 694. A temporary mandatory injunction that finally disposes of the entire subject-matter of the suit will not be granted. Dallas Hunting & Fishing Club v. Dallas County Levee District (Tex. Civ. App.) 235 S. W. 607. The function of a preliminary injunction, whether it be prohibitory or mandatory, is to preserve the status quo and must never be employed to do something that can only be done after full hearing by final decree. John Dollinger v. Horkan (Tex. Civ. App.) 202 S. W. 978; Galveston & Western Ry. Co. v. City of Galveston (Tex. Civ. App.) 137 S. W. 724. A preliminary mandatory injunction will never be granted unless a clear right is shown and a case of necessity or extreme hardship is presented, and such preliminary injunction will not be granted pendente lite unless the applicant's right is so clear that the denial of the right must be held either captious or unconscionable. Ort v. Bowden (Tex. Civ. App.) 148 S. W. 1145.

[8] The defendants excepted to the verification of the petition by plaintiffs and urged that it was insufficient. The verification by John R. Denning, one of the plaintiffs, was as follows:

"That the matters and facts stated in the foregoing petition are true in substance and in fact, save where same are stated on information and belief, and such facts affiant verily believes to be true."

The only ground which the examining and supervising board of plumbers, to which body the charges against Cunningham and Fogarty were referred by the city council, gave as a reason for their recommendation that the license of said Cunningham and Fogarty be canceled and revoked, was that said Cunningham and Fogarty had been guilty of transferring their license in violation of section 8, art. 958. In one of the allegations complaining of Cunningham and Fogarty and in the charge made against them, it was alleged that they were partners in the Con-

sumers' Supply Company, and that the latter company was engaged in the business of selling plumbers' fixtures and supplies; that said company did not have a license to operate as a master plumber; and that in spite of such absence of authority, said partnership did make contracts and perform the services of a master plumber. We think that when two members of a partnership, and the only two members, according to one of the allegations in the petition, have license as master plumbers, that such is sufficient. Certainly a partnership, or a corporation, would not be entitled to a license. Only an individual person would be so entitled, upon proper examination.

Plaintiffs alleged as follows:

"Plaintiffs have reason to believe, and they do believe and they here charge the facts to be, that said R. J. Cunningham and John S. Fogarty were and that they are each, respectively, guilty of the charges so made against them and that they are still violating the ordinances of said city in the manner stated in said complaints; and, further, that said 'Consumers' Supply Company' is still continuing to carry on its business of a master plumber in the city of Fort Worth without obtaining any license so to do and in open and flagrant disregard of said ordinances and of the statutes of the state."

As before stated, it was only to the first allegation that Cunningham and Fogarty were guilty of the charges made against them, and that they are still violating the ordinances of the city, that plaintiffs showed any right to a trial of said charges before the city council. And since the verification of the petition excluded from the affidavit allegations made on information and belief, we believe the verification was bad and would not sustain the petition. City of Arlington v. Dallas-Fort Worth Safety Coach Co., 270 S. W. 1094, by this court, and authorities therein cited.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded.

### On Appellees' Motion for Rehearing.

[9] Appellees urge that we misconceived the purport of the allegations of their petition, in concluding that the allegations showed that Cunningham and Fogarty were partners in the "Consumers' Supply Company." In the petition, allegations were made which we construed as meaning that said Cunningham and Fogarty were members of said "Consumers' Supply Company"; but if we were mistaken in so construing the allegations of the petition, the petition did not allege that they *were not members of said partnership*, and if they were not such members, it was necessary for that fact to be alleged, in order to make the petition for injunction good as against a general demurrer. If they were members, no duty devolved on the city council to try and determine the complaint. A petition for injunction must state all the material and essential elements entitling the petitioner to relief and negative every reasonable inference arising upon the facts so stated that the petitioner might not, under other supposable facts, be entitled to relief. Gillis v. Rosenheimer, 64 Tex. 243; Moody & Jamison v. Cox, 54 Tex. 492; Birchfield v. Bourland, 187 S. W. 422, by this court; Emde v. Johnson, 214 S. W. 575, by this court. Hence, even if we were mistaken as to the purport of petitioners' petition in this respect, we are not mistaken as to the failure to deny that Cunningham and Fogarty were members of the partnership of the "Consumers' Supply Company."

We have carefully considered this motion, and conclude that we must overrule it.

Motion for rehearing overruled.